UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BAGLY, *et al.*,                    )
                                    )
    Plaintiffs,                    )
                                    )
v.                                  )   C.A. No. 20-cv-11297-PBS
                                    )
UNITED STATES DEPARTMENT            )
OF HEALTH AND HUMAN SERVICES,       )
*et al.*,                           )
                                    )
    Defendants.                    )
_____)

## LOCAL RULE 16.1(d) STATEMENT

The parties submit this Statement pursuant to Local Rule 16.1(d) and this Court's Notice of Scheduling Conference, ECF No. 23. As required by Local Rule 16.1(b), the parties held a meet and confer on January 5, 2021 via teleconference. Despite this meeting, Plaintiffs and Defendants are unable to reach agreement on a proposed pretrial schedule and other issues within the scope of the local rule. For that reason, the parties set forth their respective parallel positions below.

**I.     Preliminary Statements and Defendants' Preferred Interim Approach to Scheduling**

    **a.  Plaintiffs' Preliminary Statement**

This case seeks judicial review under the Administrative Procedure Act, 5 U.S.C. § 706, and the Fifth Amendment of the United States Constitution, of a rule promulgated by the United States Department of Health and Human Services ("the Department"). Specifically, the Department promulgated *Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority*, 85 Fed. Reg. 37,160 (June 19, 2020) (to be codified at 42 C.F.R. pts 438, 440, 460) ("the Rollback Rule"), which revises regulations implementing Section

1

1557 of the Affordable Care Act and other regulations. Plaintiffs allege that the Rollback Rule is not in accordance with law, is arbitrary, capricious, and an abuse of discretion, and is contrary to a constitutional right.

Plaintiffs filed their original complaint on July 9, 2020 (ECF No. 1). On Sept. 18, 2020, Plaintiffs filed an amended complaint (ECF No. 18), and on Oct. 14, 2020, Defendants filed a motion to dismiss, which is now fully briefed and scheduled for argument on January 26, 2021. The Court has also set a scheduling conference for the same date (ECF No. 23).

This Court's Notice of Scheduling Conference (ECF Doc. 23) and Local Rule 16.1 require the parties to meet and confer in order to set a scheduling conference agenda and prepare a pretrial schedule under L.R. 16(f), among other items.

During the parties' meeting, the Defendants took the position that the discussion of a specific pretrial schedule or discovery plan was premature in advance of the Court's ruling on the pending motion to dismiss. Plaintiffs disagree and offer a proposed schedule pursuant to L.R. 16.1 and this Court's Notice, below. Plaintiffs also disagree that Defendants' standing arguments, fully briefed in the appropriate filings, justify ignoring the Court's Notice or setting aside the Local and Federal rules that provide for litigation to proceed in the ordinary course whether or not a motion to dismiss is pending. That is especially true as the administrative record in this case, which Defendants have already prepared for another case and could issue to Plaintiffs at the push of a button, is expected to exceed two million pages of documents, *see State of New York et al., v. Department of Health and Human Services et al.*, Index to Admin. Record, ECF No. 103-2, No. 1:20-cv-05583-AKH (SDNY Nov. 6, 2020)) (listing 2,274,244 pages in the administrative record in parallel litigation challenging the Rollback Rule). By delaying the commencement of this review, Defendants' proposal will unduly delay progress of this litigation, prejudice Plaintiffs by

2

decreasing their time to complete review of this record, and waste time that could be devoted to discovery. This delay risks running afoul of L.R. 16.1(f)(9), which requires that the pretrial conference be held within 18 months of filing the complaint. There is no time to waste.

### b. Defendants' Preliminary Statement and Preferred Interim Approach

On July 9, 2020, Plaintiffs filed a Complaint initiating this action. ECF No. 1. On September 18, 2020, Plaintiffs filed an Amended Complaint, which is the operative complaint. ECF No. 18. The Amended Complaint alleges four counts, each one raising several claims under the APA, 5 U.S.C. § 706. *Id.* ¶¶ 395-427. The Amended Complaint raises no additional counts or claims other than these APA claims. *See generally id.*

Because Plaintiffs lack standing to press any of their claims, Defendants moved to dismiss this case for lack of subject matter jurisdiction. ECF Nos. 21, 22. Defendants also moved the Court to dismiss Plaintiffs' claims as unripe for judicial review and moved to dismiss Counts III and IV for failure to state a claim under Rule 12(b)(6). *Id.* Briefing on Defendants' motion is now complete and the Court scheduled a hearing on the motion for January 26, 2021 at 2:30 PM. ECF No. 23.

This Court's resolution of the threshold issues in the pending motion will, at a minimum, inform the parties' views on a prudent schedule for further proceedings. Should the Court grant Defendants' motion in full, the parties' several disputes in this joint statement will be moot. Even if the Court only grants Defendants' motion in part, the Court's decision could moot some of the parties' scheduling disputes. At a minimum, resolution of the pending motion to dismiss will permit the parties to understand the scope of the claims that must be addressed at summary judgment, permitting the parties to make their "best estimates of the amounts of time they will need to accomplish specified pretrial steps." Local Rule 16.1(d).

Accordingly, Defendants propose that the Court defer entry of a full scheduling order until after it resolves the pending motion to dismiss. Specifically, Defendants propose that the parties confer and file a joint status report addressing a proposed schedule for further proceedings in this case within 30 days of the Court's decision on the pending motion to dismiss, if any issues remain outstanding.

Plaintiffs have informed Defendants of their view that Defendants' preferred approach violates Local Rule 16.1 and this Court's Notice of Scheduling Conference dated October 26, 2020. ECF No. 23. Plaintiffs accordingly press for entry of a full scheduling order before the Court resolves the pending motion to dismiss, over Defendants' objection. Accordingly, out of an abundance of caution, Defendants provide their views and counter-proposals to Plaintiffs' proposed schedule below, should the Court reject Defendants' proposed interim approach.

## II. Pleadings and Amendment of Pleadings

### a. Plaintiffs' View

Plaintiffs propose that the Court set the deadline for amendment of the complaint for 60 days following the Court's order on the pending motion to dismiss.

Plaintiffs propose that Defendants' answer be due 60 days from the date of any amendment. Plaintiffs disagree with Defendants' position, *infra* Section II. B., that an answer would "not be of any value" in this case. This case seeks judicial review of agency action pursuant to both the Administrative Procedure Act, 5 U.S.C. § 706, and the Fifth Amendment of the U.S. Constitution. Plaintiffs allege that Defendants acted in bad faith and with animus against transgender people in promulgation of the Rollback Rule. Am. Compl., ECF No. 18, ¶¶ 364–94. As more fully discussed *infra* Section IV.A., this is not what Defendants call a pure "record review case," see pp. 5, 10, 13, and so Plaintiffs are entitled to an answer.

### b. Defendants' View

Plaintiffs propose that this Court order a deadline for "Amendment of pleadings" as "60 days following order on pending motion to dismiss." Defendants do not object to this proposed deadline as to Plaintiffs' pleading but note that, because Plaintiffs have already amended their complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1), Plaintiffs must obtain Defendants' written consent or leave of court before amending their complaint again—even if they seek to amend prior to the deadline imposed by the Court. *See* Fed. R. Civ. P. 15(a)(2).

Defendants propose that the due date for the answer to the Amended Complaint, if one is required, be sixty days after the court rules on the parties' anticipated cross-motions for summary judgment. "[I]n actions involving motions for summary judgment based on an administrative record, the answer does not play a critical role in narrowing the issues" and it is proper for Defendants to "file [their] motion for summary judgment and not file an answer at all." *G.G. ex rel. Gersten v. District of Columbia*, 924 F.Supp.2d 273, 282 n.3 (D.D.C. 2013); *see also J.B. by & through Belt v. D.C.*, 325 F. Supp. 3d 1, 7 (D.D.C. 2018) (same). Since an answer would not be of any value in this record review case, Defendants' proposal advances Local Rule 16.1's interest in minimizing costs of the litigation without any identifiable disadvantage. *See* Local Rule 16.1(d)(3)(A).

## III. Production of the Administrative Record

### a. Plaintiffs' View

Plaintiffs object to Defendants' proposal to be permitted 45 days following the date the motion to dismiss is decided to produce and certify completion of the administrative record. Rather, Plaintiffs propose that the Court order Defendants to produce and certify completion of the administrative record immediately. Defendants have already compiled and produced the

5

administrative record in parallel litigation challenging the Rollback Rule, *see supra* Section I.A., and so it would not be burdensome for Defendants to provide the record in this case. Defendants' proposed timeline only serves to cause unnecessary delay and prejudice Plaintiffs.

   b. **Defendants' View**

The Administrative Record here, like administrative records supporting many complex rulemaking proceedings, is a considerable size. The government has an important interest in avoiding being unnecessarily burdened with the production of complex administrative records in cases like this one where the Court lacks jurisdiction over Plaintiffs' claims or where other threshold issues make judicial review improper. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1988) (quoting *Ex parte McCardle*, 7 Wall. 507, 514 (1868)). Accordingly, Defendants urge the Court to follow the ordinary course and permit Defendants to produce the Administrative Record to Plaintiffs only after the Court discerns its "statutory or constitutional *power* to adjudicate the case" by resolving Defendants' pending motion to dismiss. *See id*. at 89; *see also* Order, *Whitman-Walker Clinic Inc. v. U.S. Dep't of Health and Human Servs.*, No. 20-1630 (JEB), ECF No. 65 (D.D.C. Nov. 3, 2020) (denying Plaintiffs' motion to compel production of the administrative record before resolving Defendants' motion to dismiss).

Should the Court decline Defendants' preferred interim approach to scheduling, *see supra* Part I Section b, Defendants propose that they be permitted 45 days after this Court decides the pending motion to dismiss to produce the Administrative Record to Plaintiffs[1] and to file with the

---

[1] Given the size of the Administrative Record, Defendants will be unable to upload the administrative record to CM/ECF. Defendants propose producing the Administrative Record to Plaintiffs using electronic file sharing software and that the parties provide the Court with a joint

Court an index of the contents of the Administrative Record and a certificate that the Administrative Record is complete, if any issues remain outstanding.

## IV. Discovery and Other Extra-Record Material

### a. Plaintiffs' View

Plaintiffs below propose a discovery plan as contemplated by L.R. 16.1(f).[2] Plaintiffs are entitled to discovery on their constitutional claim (Count III) and its supporting allegations of animus, Am. Compl., ECF No. 18, ¶¶ 364–394, 424-427. *See Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 138 (D. Md. 2019) (collecting cases permitting discovery in constitutional challenges to agency actions); *see also Webster v. Doe*, 486 U.S. 592 (1988) (permitting discovery against the CIA in case alleging constitutional and APA claims). Also, Defendants correctly recognize that under the APA inquiry into "the mental processes of administrative decisionmakers" may be warranted where the Plaintiff makes a "strong showing of bad faith or improper behavior." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573–74 (2019)

---

appendix containing copies of those portions of the Administrative Record that are cited or otherwise relied upon in their memorandums in support of or in opposition to any cross motions for summary judgment, once briefing on such motions is complete. *See* 5 U.S.C. § 706 ("the court shall review the whole record *or those parts of it cited by a party*") (emphasis added); *see also* Rule 7(n) of the Rules of the United States District Court for the District of Columbia.

Plaintiffs' assumption that Defendants can produce the Administrative Record to Plaintiffs "at the push of a button," *supra* Part I Section a, is inaccurate. Regardless of whether Defendants have already used file sharing software to transfer the Administrative Record to plaintiffs in another case, that file sharing software leverages cloud technology only for data transfer, not for storage. Accordingly, its content is periodically deleted. So transferring the sizable Administrative Record to Plaintiffs here will require Defendants to consult with DOJ and HHS technical staff. Defendants may be required to re-upload the Administrative Record, which is a time-consuming process. Additionally, Defendants must create an account for each of Plaintiffs' counsel who would like access to the cloud software, and this process does not take place at the push of a button either. Forty-five days is a best conservative estimate of the amount of time needed to coordinate with the appropriate personnel and take these actions, if necessary

[2] To the extent Defendants seek to obtain any discovery from Plaintiffs, Plaintiffs will seek the entry of a protective order from the Court.

7

(citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)); *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005). It is premature to decide that now, *see Dep't of Commerce*, 139 S. Ct. at 2573, and in any event this statement is not an appropriate vehicle for briefing. Plaintiffs propose that Counts I, II, and IV may be resolved on motions for summary judgment based on the administrative record, except that (1) Plaintiffs reserve the right to move to complete the record if necessary, and (2) Plaintiffs reserve the right to seek to obtain extra-record discovery necessary to prove that the Rollback Rule and general enforcement policy were made in bad faith and thus were arbitrary and capricious. Count III will require discovery.

**Defendants' View**

Discovery as to the Defendants is inappropriate in this case because review of Plaintiffs' claims—including their 5 U.S.C. § 706(2)(B) claims that the Defendants' action was contrary to constitutional right, power, privilege, or immunity—are governed by the judicial review provisions of the APA. Accordingly, the Court's scheduling order should preclude Plaintiffs from discovery as to the Defendants except with leave of court, sought under the standards of the APA.

Under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Town of Winthrop v. FAA*, 535 F.3d 1, 14 (1st Cir. 2008) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam)). The agency supplies the court with the record that was built before the agency in the process of making the challenged action. *See*, *e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (explaining that the APA provides for review "based on the record the agency presents to the reviewing court"); *Olsen v. United States*, 414 F.3d 144 154-56 (1st Cir. 2005). The fact that Plaintiffs raise constitutional claims under 5 U.S.C. § 706(2)(A) is immaterial and does not result in discarding the fundamental principles of administrative law. *See Dep't of*

8

*Commerce v. New York*, 139 S. Ct. 2551, 2563-64, 2574 (in case raising statutory and constitutional claims, holding that the district court "should not have ordered extra-record discovery when it did" because the plaintiffs had not made the "strong showing of bad faith or improper behavior" needed to justify such a step at that time).

Consistent with that reasoning, courts routinely restrict their review to the administrative record in cases that raise constitutional challenges to agency action. *See*, *e.g.*, *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 44 (D.D.C. 2018); *Tajas v. Dudas*, 530 F. Supp. 2d 786, 802-03 (E.D. Va. 2008); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10–11 (D. RI. 2004) (concluding that the presence of constitutional claims in an APA case does not expand review beyond the existing administrative record); *Charlton Mem. Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993) (holding that adding constitutional claims to other APA claims "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action"). A contrary rule would "incentivize every unsuccessful party to agency action to allege bad faith, retaliatory animus, and constitutional violations to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure." *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014).

As discussed *supra* Part III, Defendants anticipate producing the Administrative Record if matters remain outstanding after this Court resolves the pending motion to dismiss. "[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)). If, upon review of the Administrative Record, Plaintiffs make the extraordinary conclusion that they have a good faith basis to challenge the key custodian's certificate that the Administrative Record is complete

9

or that they have a good faith basis to introduce or seek extra-record evidence, including discovery, Plaintiffs may seek leave of court to stay summary judgment briefing and make the "'strong showing of bad faith or improper behavior[]'" that "may justify extra-record discovery," *Commerce*, 139 S. Ct. at 2574 (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). Plaintiffs have made no such showing here. Accordingly, it would be improperly disrespectful to the "integrity of the administrative process" to prematurely build discovery and opportunities to challenge the key custodian's certificate that the Administrative Record is complete into a scheduling order in an APA case based on nothing but a reversed presumption that the Administrative Record will be incomplete. *See United States v. Morgan*, 313 U.S. 409, 422 (1941).

Similarly, Plaintiffs' proposal for a "deadline for identification of experts and disclosures of expert report" is also out of place in this record review case. Plaintiffs' opportunity for submitting expert reports for the agency's consideration and inclusion in the Administrative Record was when the rulemaking was pending before the agency and the record was open to the public as the agency considered comments on the proposed rule. "[T]here is a near absolute bar against raising new issues—factual or legal—on appeal in the administrative context." *Nat'l Wildlife Fed. v. EPA*, 286 F.3d 554, 562 (D.C. Cir. 2002). Judicial review is "limited to consideration of the decision of the agency and of the evidence on which it was based." *Olsen*, 414 F.3d at 155 (quoting *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Id*. (quoting *Camp*, 411 U.S. at 142); *see also U.S. v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts

should not topple over administrative decisions unless the administrative body has not only erred but has erred against objection made at the appropriate time under its practice.").

Defendants do not object to providing briefing on this issue if it would be helpful to the Court.

Defendants reserve the right to take discovery regarding jurisdiction should the need arise.

V. **Proposed Schedule**

   a. **Plaintiffs' Proposals**

Plaintiffs propose the following schedule for review of the administrative record, discovery, amendment of pleadings, and joinder of additional parties:

| Event | Due Date |
| --- | --- |
| Amendment of pleadings | 60 days following order on pending motion to dismiss |
| Deadline for Defendants to produce and certify the administrative record | Immediately |
| Deadline for Plaintiffs to move to complete the administrative record | 120 days from the date the administrative record is produced |
| Deadline for Plaintiffs to move to obtain extra-record discovery, if the Court so requires | 150 days from the date that the administrative record is produced, if Plaintiffs do not move to complete the record, OR<br><br>60 days from the date that the complete administrative record is produced following resolution of a motion to complete the record |
| Deadline for service of, and compliance with, written discovery requests | 60 days following the date the Court orders extra-record discovery to proceed |
| Deadline for the completion of depositions, including, if applicable, the terms for taking and using videotape depositions | 120 days following the date the Court orders extra-record discovery to proceed<br><br>Plaintiffs agree to the use of videotaped depositions, but on the condition that such depositions may be conducted remotely in light of the COVID-19 pandemic. |

| Deadline for identification of experts and disclosures of expert report | 6 weeks following close of written discovery; any rebuttal expert to be identified and disclosed within 30 days thereafter. |
|---|---|
| Joinder of additional parties | 45 days following close of discovery |

**Motions**

Plaintiffs propose the following schedule for cross motions for summary judgment:

| Event | Due Date |
|---|---|
| Plaintiffs' motion for summary judgment | Six weeks after close of discovery |
| Defendants' cross motion for summary judgment and response to Plaintiffs' motion | Six weeks after Plaintiffs file their motion for summary judgment |
| Plaintiffs' response to Defendants' cross motion and reply on their motion | Four weeks after Defendants file their cross motion and response |
| Defendants' reply on their motion | Four weeks after Plaintiffs file their response and reply |

**Pretrial Conferences and Trial**

| Event | Due Date |
|---|---|
| Settlement / case management conference | Two weeks after summary judgment opinion and order issues, if any matters remain to be resolved |
| Final pretrial conference | Two weeks prior to trial |
| Trial | Within 90 days after summary judgment opinion and order issues, if any matters remain to be resolved |

**b. Defendants' Alternative Proposed Schedule**

As described *supra* Part I Section b, Defendants propose that the parties confer and file a joint status report addressing a proposed schedule for further proceedings in this case within 30 days of the Court's decision on the pending motion to dismiss, if any issues remain outstanding. Once Defendants are aware of the scope of the claims that remain to be litigated, they will be in a position to provide their "best estimates of the amounts of time they will need to" brief or address outstanding claims. *See* Local Rule 16.1(d). If the Court rejects Defendants' proposed interim

approach and prefers to enter a scheduling order at this time, Defendants propose the following schedule as more proper in this record review case:

| Event | Due Date |
|---|---|
| Production of the Administrative Record to Plaintiffs; Certificate that the Administrative Record is Complete and Index to the Administrative Record filed on CM/ECF[3] | If the Court denies the pending motion to dismiss in full or part, 45 days from the Court's decision. |
| Plaintiffs' motion for summary judgment | 90 days after Defendants Produce the Administrative Record |
| Defendants' cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment | 45 days after Plaintiffs file their motion for summary judgment |
| Plaintiffs' opposition to Defendants' cross-motion for summary judgment and reply. | 30 days after Defendants cross-move for summary judgment |
| Defendants' reply | 30 days after Plaintiffs' opposition to Defendants' cross motion |
| Joint Appendix of Administrative Record Materials Cited or Otherwise Relied Upon by the Parties in their Summary Judgment Briefing | 14 days after Defendants' reply |
| Answer | 60 days after the Court's decision on the parties' cross-motions for summary judgment, if any matters remain outstanding. |
| Status Conference | Approximately 14 days after the Answer is filed, if any matters remain outstanding. |

---

[3] "[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana, Inc.*, 920 F.3d at 865 (quoting *Bar MK Ranches*, 994 F.2d 740). If, upon review of the Administrative Record, Plaintiffs make the extraordinary conclusion that they have a good faith basis to challenge the key custodian's certificate that the Administrative Record is complete or that they have a good faith basis to introduce or seek extra-record evidence, including discovery, Plaintiffs may seek leave of court to stay summary judgment briefing and make the "'strong showing of bad faith or improper behavior[]'" that "may justify extra-record discovery," *Commerce*, 139 S. Ct. at 2574 (quoting *Overton Park*, 401 U.S. at 420). Plaintiffs have made no such showing here. Accordingly, it would be improperly disrespectful to the "integrity of the administrative process" to prematurely build discovery and opportunities to challenge the key custodian's certificate that the Administrative Record is complete into a scheduling order in an APA case based on nothing but a reversed presumption that the Administrative Record will be incomplete. *See Morgan*, 313 U.S. at 422. Similarly, Plaintiffs' proposed "deadline for identification of experts and disclosures of expert report" is out of place in this record review case and improperly disrespectful to the integrity of the administrative process.

Because the Court should "decline[] to act as an initial decision-maker and exercise *de novo* review" in an APA case, *see BRA v. NPS*, 125 F. Supp. 3d 325, 331 (D. Mass. 2015), a trial is not necessary or appropriate here. Thus, the Court should decline Plaintiffs' invitation to schedule a final pretrial conference and trial. After the Court rules on the parties' cross motions for summary judgment, the Court can address any remaining issues at that time, if necessary.

## VI. Proceedings in Front of Magistrate

The parties do not consent to proceed before a U.S. Magistrate Judge.

## VII. Settlement Proposals

Plaintiffs have provided a written settlement proposal as required by Local Rule 16.1(c) and the Court's Scheduling Order, and the parties have been unable to resolve this matter.

## VIII. Certifications Pursuant to Local Rule 16.1(d)(3)

The certifications required under Local Rule 16.1(d)(3) will be filed under separate cover.

Dated: January 19, 2021

Kevin Costello (BBO No. 669100)
Maryanne Tomazic (admitted pro hac vice)
CENTER FOR HEALTH LAW & POLICY
INNOVATION
Harvard Law School
1585 Massachusetts Avenue
Cambridge, MA 02138
Phone: 617.496.0901
kcostello@law.harvard.edu
mtomazic@law.harvard.edu

Sunu Chandy (admitted pro hac vice)
Michelle Banker (admitted pro hac vice)
Lauren Gorodetsky (admitted pro hac vice)
Dorianne Mason (admitted pro hac vice)
NATIONAL WOMEN'S LAW CENTER
11 Dupont Circle NW Suite 800
Washington, DC 20036

Respectfully submitted,

/s/ Kirti Datla
Kirti Datla (admitted pro hac vice)
Jessica L. Ellsworth (admitted pro hac vice)
Jo-Ann Tamila Sagar (admitted pro hac vice)
Erin R. Chapman (admitted pro hac vice)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Phone: 202.637.5600
kirti.datla @hoganlovells.com
jessica.ellsworth@hoganlovells.com
jo-ann.sagar@hoganlovells.com
erin.chapman@hoganlovells.com

William H. Kettlewell (BBO No. 270320)
HOGAN LOVELLS US LLP
125 High Street
Suite 2010
Boston, MA 02110

Phone: 202.588.5180
schandy@nwlc.org
mbanker@nwlc.org
lgorodetsky@nwlc.org
dmason@nwlc.org

David Brown (admitted pro hac vice)
Noah E. Lewis (admitted pro hac vice)
Alejandra Caraballo (admitted pro hac vice)
TRANSGENDER LEGAL DEFENSE AND EDUCATION FUND, INC.
520 8th Ave. Ste. 2204
New York, NY 10018
Phone: 646.862.9396
dbrown@transgenderlegal.org
nlewis@transgenderlegal.org
acaraballo@transgenderlegal.org

Phone: 617.371.1000
bill.kettlewell@hoganlovells.com

Kristina Alekseyeva (admitted pro hac vice)
Peter W. Bautz (admitted pro hac vice)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Phone: 212.918.3000
kristina.alekseyeva@hoganlovells.com
peter.bautz@hoganlovells.com

Lynly Egyes (admitted pro hac vice)
Dale Melchert (admitted pro hac vice)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: 510.587.9696
lynly@transgenderlawcenter.org
dale@transgenderlawcenter.org

*Counsel for Plaintiffs*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*