UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAGLY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | C.A. No. 20-cv-11297-PBS |

## MOTION FOR A STAY OF PROCEEDINGS

Defendants hereby request that the Court stay all proceedings in this matter to provide new leadership at the U.S. Department of Health and Human Services ("HHS") sufficient time to reassess the issues this case presents, especially in light of the President's Executive Order on Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation.

1. This case concerns the validity of a final rule that HHS promulgated in 2020. The rule, entitled Nondiscrimination in Health and Health Education Programs or Activities, 85 Fed. Reg. 37,160 (June 19, 2020) ("2020 Rule"), implements Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. In this case, Plaintiffs seek judicial review of the rule. On October 14, 2020, Defendants moved to dismiss Plaintiffs' Amended Complaint.

2. On October 26, 2020, this Court scheduled argument on Defendants' motion for January 26, 2021. ECF No. 23. The motion is fully briefed.

3. On January 21, 2021, after the change in presidential administration and in light of the

1

aforementioned Executive Order, this Court converted the motion hearing to a status conference. ECF No. 37. At the status conference, the Court anticipated that new Executive Branch leadership would likely be reassessing the issues that this case presents and rescheduled the motion hearing for March 24, 2021. ECF No. 38. The Court also ordered that a status report be filed on or before March 17, 2021. *Id*.

4. As this Court anticipated, new leadership at HHS will indeed be reassessing the issues that this case presents and it would conserve the resources of the Court and the parties to stay proceedings while HHS undertakes this reassessment. But Defendants have no reason to believe that HHS's reassessment will be completed by March 24, 2021. New leadership began arriving at HHS and the U.S. Department of Justice on January 20, 2021, and will need additional time to review the rule in question and the multiple legal issues that are involved in this case; consult with all interested federal agencies and offices; and determine the appropriate course going forward. Given the recent change of administration and the complexity and importance of the issues presented by the rule and in this case, these extraordinary circumstances support a stay of proceedings. The Court's authority to order such a stay is well-settled. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons"); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (recognizing that the power of a district court to stay proceedings is well-exercised where issues of public moment and "the administration of a major federal

program" are involved).

5. In light of the above, the Court should stay further district court proceedings pending the new administration's review of this litigation and the rule being challenged because that review may result in changes that render it unnecessary for the court to resolve the jurisdictional and merits issues presented in this case or, at the very least, narrow those issues significantly.

6. Defendants propose that the parties file a joint status report no later than May 14, 2021, apprising the Court of the status of the matter and submitting a proposal for further proceedings. Section 2(d) of the aforementioned Executive Order requires agency heads, by April 30, 2021, to develop a plan to carry out actions the agency identifies as appropriate. May 14, 2021 would provide the parties two weeks to confer after that date.

7. Other courts have already stayed similar challenges to the 2020 Rule to provide HHS time to reassess the issues that the cases present, deferring to the timeframe that the President deemed reasonable and necessary in his aforementioned Executive Order. *See* Order Granting Unopposed Motion to Stay Proceedings, *New York v. HHS*, No. 1:20-cv-5583-AKH, ECF No. 141 (S.D.N.Y. Feb. 18, 2021) (granting motion to stay proceedings until May 14, 2021 and ordering that the parties file a joint status report to address any further proceedings on or before May 14, 2021); Clerk's Order, *Whitman-Walker Clinic, Inc. v. HHS*, No. 20-5331, (D.C. Cir. Feb. 18, 2021) (granting joint motion to stay appeal and directing parties to file a joint status report due 05/14/2021); Minute Order, *Whitman-Walker Clinic, Inc. v. HHS*, No. 1:20-cv-1630-JEB (D.D.C. Feb. 16, 2021) (ordering a stay of the case and ordering that the parties submit a joint status report by May 14, 2021); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The high respect that is owed to the office of the Chief Executive . . .

is a matter that should inform the conduct of the entire proceeding[.]"). There is no reason that this case should remain an outlier.

8. Neither party nor the public would be prejudiced by a stay. Plaintiffs are not harmed by a brief and sensible pause that allows the new administration to crystallize the government's position on the issues of public importance which they seek to challenge. The Amended Complaint was filed during the prior administration and was drafted against the backdrop of that administration's approach to the challenged agency action. And by declining to seek a preliminary injunction, Plaintiffs have never demonstrated that they may be harmed by delay. In any event, any hardship to Plaintiffs is limited by the preliminary injunction orders issued by two district courts enjoining Defendants from implementing several portions of the 2020 Rule nationwide. *See Walker v. Azar*, 2020 WL 6363970, at *4 (E.D.N.Y. Oct. 29, 2020); *Whitman-Walker Clinic, Inc. v. HHS*, --- F. Supp. --- 2020 WL 5232076, at *45 (D.D.C. Sept. 2, 2020); *Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020). The proposed stay would not affect these preliminary injunctions at all. Indeed, Plaintiffs cannot meaningfully explain how they are in a different position from plaintiffs in the other proceedings who joined or have not opposed similar stay motions that defer to the President's judgment with respect to the amount of time that is reasonable for an agency to expeditiously reassess at least some issues here. In contrast to Plaintiffs' lack of hardship from the brief delay, requiring the parties and the Court to address this action immediately, without waiting for the Biden administration to complete its reassessment, may be a wasteful and potentially pointless exercise.

9. Defendants have conferred with Plaintiffs regarding the relief requested in this motion, and Plaintiffs have advised Defendants that they do not believe a stay is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings in this case. Defendants propose that the parties file a joint status report by no later than May 14, 2021, apprising the Court of the status of the matter and submitting a proposal for further proceedings.

Dated: March 3, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I certify that I conferred with Plaintiffs' counsel—Kirti Dalta, David Brown, Michelle Banker, Kevin Costello, Dale Melchert, and Maryanne Tomazic—and attempted in good faith to reach agreement on this motion, but was unable to reach a resolution.  Plaintiffs have advised Defendants that they do not believe a stay is appropriate in this case.  We were unable to narrow the issue.

/s/ *Liam C. Holland*
Liam C. Holland