## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Boston Alliance of Gay, Lesbian, Bisexual and Transgender Youth (BAGLY); Callen-Lorde Community Health Center; Campaign for Southern Equality; Darren Lazor; Equality California; Fenway Health; Indigenous Women Rising; NO/AIDS Task Force (d/b/a CrescentCare); and Transgender Emergency Fund of Massachusetts,<br><br>      Plaintiffs,<br><br>      v.<br><br>United States Department of Health and Human Services; Xavier Becerra, *in his official capacity as secretary of the U.S. Department of Health and Human Services*; Robinsue Frohboese, *in her official capacity as Acting Director, Office for Civil Rights, U.S. Department of Health and Human Services*; and Chiquita Brooks-LaSure, *in her official capacity as Administrator for the Centers for Medicare and Medicaid Services, U.S. Department of Health and Human Services*,<br><br>      Defendants. | Civil Action No. 1:20-cv-11297 |

## PLAINTIFFS' STATUS REPORT

Plaintiffs submit this Status Report in advance of the Court's June 3, 2021 hearing on the pending motion to dismiss, ECF No. 47, to clarify Plaintiffs' position on recent developments identified by the Court at the May 10, 2021 hearing. Plaintiffs' claims, with a single exception, remain before the Court unchanged by these events. The Rule challenged by Plaintiffs has not been vacated or rescinded. The relief requested in the Amended Complaint, ECF No. 18, continues

to be vitally necessary to remedy ongoing and imminent harm.  Plaintiffs' position is that one portion of one count that targets a now-defunct enforcement policy, *see* ECF No. 18 at ¶ 425(a), is mooted by new developments, but that the remaining claims should move forward.

This lawsuit alleges that the final rule[1] promulgated by Defendants interpreting Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, (the "Rollback Rule") violates the Administrative Procedures Act in four distinct ways.  ECF No. 18 at ¶¶ 395-427.  The motion to dismiss now before the Court straddled the 2020 presidential election; filed on October 14, 2020, the motion was fully briefed on December 9, 2020 and first scheduled to be heard on January 26, 2021. ECF Nos. 22, 23 27, 33.  On the day after the new Administration issued Executive Order 13988, the Court converted the hearing on the motion into a status conference.  ECF No. 38.  At the status conference, the Court reset the hearing and ordered the Government to file a status report on or before March 17, 2021.  *Id.*  Before that date, the Government moved to stay this litigation. ECF No. 41.  After Plaintiffs opposed, ECF No. 42, the Court set a hearing on the motion to stay for May 10, 2021.  ECF No. 45.  At that hearing, the Court denied a stay and reset argument on the motion to dismiss for June 3, 2021.  ECF Nos. 47-48.  During the hearing, the Government indicated that it did not wish at that time to request additional or updated briefing in support of the motion to dismiss.

### A.  New Developments

Since the motion to dismiss was briefed, there have been several legal and policy developments regarding Section 1557 and the Rollback Rule.  These fall into two main categories: (1) decisions and updates in other federal court cases challenging certain aspects of the Rollback

---

[1] Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020) (codified at 42 C.F.R. pts 438, 440, 460).

Rule, and (2) actions of the new Administration.  As discussed *infra*, these developments have mooted one portion of one of Plaintiffs' claims.  To provide the Court clarity about the precise scope of these developments, they are described briefly in turn.

(1) *New Developments in Other Cases Challenging Certain Aspects of the Rollback Rule*

At the hearing on the motion to stay, this Court asked about other cases raising challenges to certain aspects of the Rollback Rule.  Plaintiffs' case varies from these other challenges in crucial ways, and the claims should proceed.  Nevertheless, Plaintiffs provide the following summaries so that the Court will have updated information on those cases in advance of the hearing on the motion to dismiss.

A.  *Whitman-Walker Clinic, Inc., et al. v. U.S. Dep't of Health & Human Servs., et al.*, No. 1:20-cv-01630-JEB (D.D.C.):  Plaintiffs—private health-care facilities, LGBTQ-services organizations, national health professional associations, and individual providers—challenged several provisions of the Rollback Rule on multiple constitutional and statutory grounds.  *See Whitman-Walker*, 485 F. Supp. 3d 1, 16 (D.D.C. 2020).  The court partially granted their request for a preliminary injunction, enjoining defendants "from enforcing the repeal of the definition of discrimination '[o]n the basis of sex' insofar as it includes 'discrimination on the basis of . . . sex stereotyping,' as previously set forth in 45 C.F.R. § 92.4" and "from enforcing the 2020 Rule's incorporation of the religious exemption contained in Title IX, see 45 C.F.R. § 92.6(b)."  Order at 1 (D.D.C. Sept. 2, 2020), ECF No. 55.  On February 16, 2021, the parties jointly moved to stay the proceedings "pending the new administration's review of this litigation and the rule being challenged."  Joint Mot. for Stay of Proceedings at 3 (D.D.C. Feb. 16, 2021), ECF 70.  The court granted the motion. Minute Order (D.D.C. Feb. 16, 2021). Joint Status Report (D.D.C. May 14, 2021), ECF 72. The court determined that the stay would remain in effect and ordered a joint status report to be filed by July 16, 2021.  Minute Order (D.D.C. May 17, 2021).  The government's appeal of the preliminary injunction has been held in abeyance—after a joint motion to that effect—and the most recent action in the appeal is an order for a joint status report on August 12, 2021, and at 90-day intervals thereafter.  Jt. Mot. To Stay Appeal at 3, No. 20-5331 (D.C. Cir. Feb. 16, 2021); Order at 1, No. 20-5331 (D.C. Cir. May 14, 2021).

B.  *Asapansa-Johnson Walker, et al. v. Azar II, et al.*, No. 1:20-cv-02834-FB (E.D.N.Y.): Plaintiffs—two transgender women—sued seeking "a declaration that the [Rollback Rule is] invalid under the Administrative Procedure Act" and "vacatur of the rule[]." *Walker*, 480 F. Supp. 3d 417, 425 (E.D.N.Y. 2020).  The court granted plaintiffs' motion for a preliminary injunction, issuing an order that stated the court "stays the

repeal of the 2016 definition of discrimination on the basis of sex. As a result, the definitions of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' currently set forth in 45 C.F.R. § 92.4 will remain in effect.   In addition, the Court preliminarily enjoins the defendants from enforcing the repeal." Order at 25–26 (E.D.N.Y. Aug. 17, 2020), ECF No. 23.  Plaintiffs asked the court to clarify that the entire Rollback Rule was enjoined, and the court issued an order that stated: "the existing stay/preliminary injunction of the repeal of the 2016 Rules' definition of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' set forth in 45 C.F.R. § 92.4 remains in effect.  In addition, the repeal of 45 C.F.R. § 92.206 ["Equal program access on the basis of sex"] is stayed and enforcement of the repeal is preliminarily enjoined."  Order at 8 (E.D.N.Y. Oct. 29, 2020), ECF No. 34.  On November 2, 2020, the court granted a stay of the litigation pending the appeal of the preliminary injunction.  That appeal has been held in abeyance—after a joint motion to that effect—and the most recent action in the appeal is an order for a joint status report on August 16, 2021.  Jt. Mot. To Stay Appeal at 3, No. 20-3827 (2d Cir. Mar. 15, 2021); Order at 1, No. 20-3827 (2d Cir. May. 18, 2021).

C.  *New York, et al. v. U.S. Dep't of Health & Human Servs, et al.*, No. 1:20-cv-05583-AKH (S.D.N.Y.):  Plaintiffs—a group of states—challenged several provisions of the Rollback Rule on statutory and equal protection grounds.  Compl. at 88–91 (S.D.N.Y. Jul. 20, 2020), ECF No. 1.  Plaintiffs did not seek preliminary injunctive relief, and plaintiffs' motion for summary judgment and defendants' motion to dismiss are briefed.  The court granted defendants' unopposed motion to stay the proceedings "pending the new administration's review of this litigation and the rule being challenged."  Unopposed Mot. For A Stay of Proceedings at 2 (S.D.N.Y. Feb. 10, 2021); Order at 1, No. 20-3827 (2d Cir. May 18, 2021).  The latest action in the case is the submission of a joint status report, in which the parties offered their positions on whether the stay should be continued. Plaintiffs expressed concern about an indefinite stay, explaining that their claims remained live, and requested that the next status report be filed in 30 days (Government requested 90 days).  Joint Status Report at 2, 4 (S.D.N.Y. May 14, 2021), ECF No. 142.  The court has not yet ruled.

D.  *Chinatown Service Center, et al. v. U.S. Dep't of Health & Human Servs, et al.*, No. 21-cv-00331 (D.D.C.):  Plaintiffs—two community-based organizations—have challenged provisions of the Rollback Rule on statutory grounds. Compl. at 30-39 (D.D.C. Feb. 5, 2021), ECF No. 1. This litigation, pending before the same court as *Whitman-Walker, supra,* has been stayed until the same date as that litigation, July 16, 2021, at which time a joint status report is due. (D.D.C. May 27, 2021).

(2) *Biden Administration Developments*

During its time in office, the Biden Administration has thus far taken three principal actions relevant to this lawsuit.  Despite these important measures, the claims in this matter are largely unaffected and must proceed.

4

First, on January 20, 2021, President Biden issued an Executive Order announcing the new Administration's interpretation that under the reasoning of *Bostock v. Clayton County*, 140 S.Ct. 1731 (2020), "laws that prohibit sex discrimination . . . prohibit discrimination on the basis of gender identity or sexual orientation, so long as the laws do not contain sufficient indications to the contrary." Exec. Order No. 13,988, 86 Fed. Reg. 7,023 (Jan. 20, 2021).

Second, on March 26, 2021, the Civil Rights Division of the Department of Justice issued a memorandum confirming the vision set forth in Executive Order 13,988 as it applies to Title IX, stating:   "After considering the text of Title IX, Supreme Court caselaw, and developing jurisprudence in this area, the Division has determined that the best reading of Title IX's prohibition on discrimination 'on the basis of sex' is that it includes discrimination on the basis of gender identity and sexual orientation."[2]

Third, just hours before this Court's May 10 hearing on its motion to stay, HHS issued a "Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972." ECF No. 50.  The notification stated that "HHS will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include: (1) discrimination on the basis of sexual orientation; and (2) discrimination on the basis of gender identity." *Id.* at 1; and further that "[t]his interpretation will guide OCR in processing complaints and conducting investigations, but does not itself determine the outcome in any particular case or set of facts." *Id.*  At the hearing before this Court on May 10 and in a status report filed the same day, HHS indicated that it intends to issue a notice of proposed rulemaking on Section 1557 of unspecified scope at an unidentified future date. ECF No. 49.

---

[2] Pamela S. Karlan, Principal Deputy Assistant Attorney General, U.S. Dep't of Justice, Civil Rights Division, Memorandum re: Application of Bostock v. Clayton County to Title IX of the Education Amendments of 1972 (Mar. 26, 2021), https://perma.cc/JL7W-GZPW.

**B.  Plaintiffs' View of the Effect of New Developments**

Each of the four counts of the Amended Complaint remain largely unaffected by these recent events.  The principal relief Plaintiffs seek is for the Court to declare the Rollback Rule to be illegal, to set aside and vacate the Rollback Rule, and to enjoin its implementation permanently.[3] The Amended Complaint contains several allegations that the process leading to the Rollback Rule was so defective as to warrant vacatur of the rule *in toto*.  *See, e.g.,* ECF No. 18 at ¶¶ 410-14. Moreover, the aspects of the Rollback Rule challenged by Plaintiffs here are broader than what has been addressed in the Biden Administration announcements.

One aspect of one of Plaintiffs' counts has been obviated:  the portion of Count IV that targets one of the prior enforcement policies of HHS.  ECF No. 18 at ¶ 425(a).  In that part, the Plaintiffs alleged that "HHS adopted a general enforcement policy based on its reading of Section 1557 in the Rollback Rule and will 'return[] to' enforcing Section 1557 using 'the biological binary meaning of sex,' without regard for discrimination on the basis of, inter alia, sexual orientation or transgender status."  *Id.*  HHS's May 10, 2021 notification, ECF No. 50, reversed that policy. Plaintiffs therefore agree to dismiss this part of Count IV.[4]

The balance of Plaintiffs' claims remains in controversy.  The developments detailed *supra* relate primarily to claims challenging the Rollback Rule's deletion of "sex stereotypes" and

---

[3] "When a court concludes that agency action is unlawful, 'the practice of the court is ordinarily to vacate the rule.'"  *Gresham v. Azar*, 363 F. Supp. 3d 165, 182 (D.D.C. 2019), *aff'd,* 950 F.3d 93 (D.C. Cir. 2020), *cert. granted,* 141 S. Ct. 890, 208 L. Ed. 2d 449 (2020), *quoting Ill. Pub. Telecomms. Ass'n v. FCC*, 123 F.3d 693, 693 (D.C. Cir. 1997).

[4] The remaining part of Count IV addresses HHS's enforcement policy with respect to the scope of covered entities encompassed by the statutory term "any health program or activity, any part of which is receiving Federal financial assistance" and "any program or activity . . .administered by an Executive Agency or any entity established under [Title I of ACA]," 42 U.S.C. § 18116(a)."  ECF No. 18 at ¶ 425(b).  This claim remains an active controversy.

"gender identity" from the definition of "on the basis of sex" and the Rollback Rule's incorporation of Title IX's religious exemption, 20 U.S.C. § 1681(a)(3).  But they do not resolve or moot those claims: no court has vacated those portions of the Rollback Rule, nor have Defendants rescinded them.  Additionally, Plaintiffs challenge the following aspects of the Rollback Rule, which the new developments do not relate to at all:  (1) narrowing of the definition of "covered entities"; (2) deletion of the terms "pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions" from the definition of "on the basis of sex"[5]; (3) incorporation of Title IX's  abortion exemption (known as the "Danforth Amendment," 20 U.S.C. § 1688); (4) removal of protections for association discrimination; (5) elimination of the uniform enforcement scheme; (6) elimination of the notice and taglines requirement; (7) revision of the standard of access for limited English proficient individuals; (8) elimination of other non-discrimination regulations. ECF No. 18 at 101-105.  *Cf. Religious Sisters of Mercy*, 2021 WL 191009, at *12 (noting that "[m]uch of the 2020 Rule remains operative.")  None of these aspects of the Plaintiffs' claims have been obviated by recent developments.

---

[5] As discussed at the May 10 hearing, although on its face the preliminary injunction in *Asapansa-Johnson Walker* should be read to revive the entirety of the 2016 rule's definition of "on the basis of sex," at least one court has determined that it does not. The *Asapansa-Johnson Walker* order states: "the Court stays the repeal of the 2016 definition of discrimination on the basis of sex. As a result, the definitions of "on the basis of sex," "gender identity," and "sex stereotyping" currently set forth in 45 C.F.R. § 92.4 will remain in effect." *Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020); *see also Walker v. Azar*, No. 20-cv-2834-FBS-MG, 2020 WL 6363970, at *4 (E.D.N.Y. Oct. 29, 2020) (confirming scope of preliminary injunction in this regard).  Yet at least one court has interpreted the *Asapansa-Johnson Walker* preliminary injunction to revive the definition of "on the basis of sex" *only* to encompass "gender identity" and "sex stereotyping." *See Religious Sisters of Mercy v. Azar*, No. 3:16-CV-00386, 2021 WL 191009, at *8 (D.N.D. Jan. 19, 2021). Thus, it remains unclear whether the preliminary injunction reaches the deletion of terms related to pregnancy, termination of pregnancy, or childbirth from that definition.

Dated: June 1, 2021

/s/   Kevin Costello
Kevin Costello (BBO No. 669100)
Maryanne Tomazic (admitted pro hac vice)
CENTER FOR HEALTH LAW & POLICY
INNOVATION
Harvard Law School
1585 Massachusetts Avenue
Cambridge, MA 02138
Phone: 617.496.0901
kcostello@law.harvard.edu
mtomazic@law.harvard.edu

Sunu Chandy (admitted pro hac vice)
Michelle Banker (admitted pro hac vice)
Lauren Gorodetsky (admitted pro hac vice)
Dorianne Mason (admitted pro hac vice)
NATIONAL WOMEN'S LAW CENTER
11 Dupont Circle NW Suite 800
Washington, DC 20036
Phone: 202.588.5180
schandy@nwlc.org
mbanker@nwlc.org
lgorodetsky@nwlc.org
dmason@nwlc.org

David Brown (admitted pro hac vice)
Noah E. Lewis (admitted pro hac vice)
Alejandra Caraballo (admitted pro hac vice)
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave. Ste. 2204
New York, NY 10018
Phone: 646.862.9396
dbrown@transgenderlegal.org
nlewis@transgenderlegal.org
acaraballo@transgenderlegal.org

Respectfully submitted,

William H. Kettlewell (BBO No. 270320)
HOGAN LOVELLS US LLP
125 High Street - Suite 2010
Boston, MA 02110
Phone: 617.371.1000
bill.kettlewell@hoganlovells.com

Jessica L. Ellsworth (admitted pro hac vice)
Kirti Datla (admitted pro hac vice)
Jo-Ann Tamila Sagar (admitted pro hac vice)
Erin R. Chapman (admitted pro hac vice)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Phone: 202.637.5600
jessica.ellsworth@hoganlovells.com
kirti.datla @hoganlovells.com
jo-ann.sagar@hoganlovells.com
erin.chapman@hoganlovells.com

Kristina Alekseyeva (admitted pro hac vice)
Peter W. Bautz (admitted pro hac vice)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Phone: 212.918.3000
kristina.alekseyeva@hoganlovells.com
peter.bautz@hoganlovells.com

Lynly Egyes (admitted pro hac vice)
Dale Melchert (admitted pro hac vice)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: 510.587.9696
lynly@transgenderlawcenter.org
dale@transgenderlawcenter.org

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Boston Alliance of Gay, Lesbian, Bisexual and
Transgender Youth (BAGLY); et al.,

         Plaintiffs,

         v.

United States Department of Health and
Human Services, et al.,

         Defendants.

Civil Action No. 1:20-cv-11297

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing document was filed through the CM/ECF system on June 1, 2021 and thus will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 1, 2021

                 */s/ Kevin Costello*
                 Kevin Costello (BBO No. 669100)
                 CENTER FOR HEALTH LAW & POLICY
                 INNOVATION
                 Harvard Law School
                 1585 Massachusetts Avenue
                 Cambridge, MA 02138
                 Phone: 617.496.0901
                 kcostello@law.harvard.edu