# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAGLY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-cv-11297-PBS |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ASSENTED-TO[*] MOTION FOR AN ENLARGEMNT OF TIME

Defendants hereby respectfully file this motion for an order under Fed. R. Civ. P. 6(b), extending Defendants' time to file a responsive pleading to the Amended Complaint, ECF No. 18, until 21 days after the Court decides Defendant United States Department of Health and Human Services ("HHS" or the "agency")'s forthcoming motion for voluntary remand. Defendants submit the following in support of this motion:

1. Plaintiffs filed an Amended Complaint on September 18, 2020. The Amended Complaint is 107 pages and includes 427 paragraphs. The Amended Complaint brings claims against more than ten unique modifications to regulations implementing Section 1557 of the Affordable Care Act and includes four counts. ECF No. 18.

2. The Amended Complaint joins nine Plaintiffs from across the country. ECF No. 18.

---

[*] As explained in the Local Rule 7.1(a)(2) certificate below, Plaintiffs have explained that they do not object to the Government's request to extend the deadline to answer the amended complaint until 21 days after the Court decides HHS's forthcoming motion to remand the rule to HHS, provided that the Government files its motion for remand no later than September 15, 2021. Plaintiffs would object to the Government's request for an extension if the deadline for the Government's remand motion were later than September 15, 2021. As explained *infra* ¶ 8, HHS anticipates filing its remand motion no later than September 15, 2021.

1

3. On October 14, 2020, Defendants moved to dismiss all of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and some claims pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 21.

4. On August 18, 2021, the Court issued a Memorandum and Order deciding Defendants' motion to dismiss. ECF No. 63. The Court concluded that Plaintiffs' challenges to some provisions of the challenged rule could proceed, but that others could not. *Id*. at 3-4, 10.

5. Defendants' responsive pleading is currently due September 1, 2021. Fed. R. Civ. P. 12(a)(4)(A).

6. Since the arrival of new leadership at HHS, the agency has completed an initial review of the 2020 Rule and HHS has opened a rulemaking docket to reconsider the rule. That reconsideration is based on the agency's substantial and legitimate concerns with the challenged rule: its need to ensure that the 2020 Rule's provisions adequately advance the Administration's policies. For example, HHS is investigating whether the challenged rule adequately advances the Administration's policy that people should be able to access healthcare without being subject to sex discrimination, including discrimination on the basis of their sexual orientation and gender identity. *See* Executive Order 13988: Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation. 86 Fed. Reg. 7,023, 7,023 (Jan. 25, 2021). HHS is also investigating whether the challenged rule perpetuates systemic barriers to opportunities and benefits for underserved groups. *See* Executive Order 13985: Advancing Racial Equity and Support for Underserved Communities Through the Federal Government. 86 Fed. Reg. 7,009, 7,009 (Jan. 25, 2021). The agency's reconsideration is being undertaken for other substantial reasons as well. HHS anticipates issuing a Notice of Proposed Rulemaking as soon as practicable, but no later than April 2022.

7. In light of the agency's ongoing reconsideration, it is appropriate that the provisions of the rule that remain subject to review in this case be remanded to HHS so that the issues Plaintiffs raise with them in their Amended Complaint can be addressed through the administrative rulemaking proceeding. Except in unusual circumstances not present here, courts should not undertake parallel review of an agency action that is being reconsidered by the agency. HHS anticipates filing a motion for voluntary remand with a memorandum of reasons, including citation of supporting authorities, that more fully addresses why it is appropriate to grant voluntary remand of the provisions of the rule that remain subject to review in this case while the agency reconsiders them.

8. HHS anticipates filing that motion for voluntary remand no later than September 15, 2021.

For the foregoing reasons, Defendants respectfully request that the Court issue an order enlarging the time to file a responsive pleading until 21 days after the Court decides Defendants' motion for voluntary remand.

A proposed order is attached.

Dated: August 26, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

    I hereby certify that I communicated with Plaintiffs' counsel, J.A. Sagar and Kevin Costello, on August 25, 2021, to provide notice of defendants' intent to file this motion. Plaintiffs explained that they do not object to the Government's request to extend the deadline to answer the amended complaint until 21 days after the Court decides HHS's forthcoming motion to remand the rule to HHS, provided that the Government files its motion for remand no later than September 15, 2021. Plaintiffs would object to the Government's request for an extension if the deadline for the Government's remand motion were later than September 15, 2021.

                                                     /s/ *Liam C. Holland*
                                                   LIAM C. HOLLAND