**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                            )
BAGLY, *et al.*,                            )
                                            )
      Plaintiffs,                          )
                                            )
v.                                          )       C.A. No. 20-cv-11297-PBS
                                            )       (Leave to file  granted 10/14/21)
UNITED STATES DEPARTMENT                    )
OF HEALTH AND HUMAN SERVICES,               )
*et al.*,                                   )
                                            )
      Defendants.                          )
_____)

<u>**REPLY IN SUPPORT OF**</u>
<u>**DEFENDANTS' MOTION FOR VOLUNTARY REMAND**</u>

# TABLE OF CONTENTS

INTRODUCTION.........................................................................................................1

ARGUMENT ............................................................................................................. 2

I.     HHS's Request for Voluntary Remand is Made in Good Faith. ......................................2

II.    Aleady Expended Resources Do Not Justify Further Litigation Costs............................ 5

III.   Plaintiffs Do Not Face Undue Prejudice from Remand. ...................................................6

IV.   A Remand With Vacatur is Unavailable Prior to Production of the Administrative Record and Briefing on Plaintiffs' Claims. .......................................................................7

CONCLUSION............................................................................................................ 9

## INTRODUCTION

The United States Department of Health and Human Services ("HHS") seeks a remand to allow for further proceedings before the agency, which is engaged in ongoing rulemaking efforts that are expected to result in a new proposed rule no later than April 2022. In these circumstances, voluntary remand is a vital tool in Administrative Procedure Act ("APA") litigation that "preserves scarce judicial resources[,]"*Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) (citation omitted), by allowing the agency to "reconsider[] the rule" and exercise its "discretion to modify [its] policies and regulatory approaches" in a manner than "may ultimately resolve some or all of [P]laintiffs' objections to the current rule," *California v. Regan*, No. 20-CV-03005-RS, 2021 WL 4221583, at *1 (N.D. Cal. Sept. 16, 2021). Plaintiffs' arguments to the contrary are unavailing.

Plaintiffs principally argue that HHS's request to reconsider the rule is being made in bad faith. It is not. HHS has initiated the process to reconsider the challenged rule, and that process is moving forward expeditiously. Officials at HHS have been working diligently to prepare a proposed rule and have been meeting with interested stakeholders to obtain their input. HHS has already announced that the proposed rule will be available for public comment in just a few months, and the proposed rule will conform to the policy of the new administration, including Executive Orders on equity and non-discrimination. Moreover, HHS's remand motion is timely. This case in the early stages of litigation. The Court has resolved Defendants' Rule 12(b) motion, but the parties are many stages removed from briefing on the merits.

Plaintiffs also argue that, if the Court grants a remand, it should also vacate the rule because they say remand without vacatur is unavailable in the First Circuit. But remand without vacatur is available in this circuit. *See Cent. Me. Power Co. v. FERC*, 252 F.3d 34, 47-48 (1st Cir. 2001) (issuing remand without vacatur). That "vacation is a proper remedy" in one case does not imply that it the only remedy available to courts in APA cases. *Harrington v. Chao*, 280 F.3d 50, 60 (1st Cir. 2002). More to the point, Plaintiffs have never moved the Court for such a remedy, let alone demonstrated that such relief is proper here. Cases addressing the proper remedy after reaching

the merits of a challenge have little applicability where HHS has yet to produce the administrative record, there has not yet been briefing on Plaintiffs' claims, and the agency has not confessed error. In this context, the Court cannot vacate provisions of the rule. *See Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 4-5 (D.D.C. 2009); *WildEarth Guardians v. Bernhardt*, Civ. A. No. 20-56, 2020 WL 6255291, at *1-2 (D.D.C. Oct. 23, 2020).

HHS has given Plaintiffs "reason to believe that [it] will soon act to address their concerns." *Whitman-Walker Clinic, Inc. v. HHS*, No. 20-CV-1630-JEB, 2021 WL 4033072, at *3 (D.D.C. Sept. 3, 2021). And it "is far from inevitable" that Plaintiffs will obtain the results they seek by proceeding with this litigation. *Id*. at *3. Because the parties' disputes may well be resolved upon remand and further study, there is no need for the Court to address them at this juncture.

Today, in *Chinatown Service Center v. HHS*, No. 21-CV-331-JEB (D.D.C. Oct. 13, 2021), a court stayed yet another challenge to provisions of the 2020 Rule because of the agency's ongoing reconsideration of the Rule. The court explained that "[i]t makes little sense for the [c]ourt to require the filing of an administrative record and merits briefs from both sides, and then to expend resources resolving legal issues that will likely be moot around the same time as it reaches a decision." *Id*. at 3. Rather than proceed on a parallel track to the agency, the Court should adopt this pragmatic approach.

## ARGUMENT

### I.    HHS's Request for Voluntary Remand is Made in Good Faith.

HHS has requested voluntary remand in the early stages of this case to address its substantial and legitimate policy concerns with the challenged rule. Thus, contrary to Plaintiffs' contention, HHS's request is not made in bad faith. This is not a case where the agency does "not intend to revisit the original . . . decision[] under review." *Limnia v. Dep't of Energy*, 857 F.3d 379, 388 (D.C. Cir. 2017). Where, as here, the agency in good faith "profess[es an] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge[,]" remand is proper. *Id*. at 387. Indeed, "HHS's efforts to reconsider the 2020 Rule are [already] underway." *Whitman-Walker Clinic*, 2021 WL 4033072, at *3.

Plaintiffs rely almost exclusively on *Lutheran Church Missouri-Synod v. FCC*, 141 F.3d 344 (D.C. Cir. 1998), where a court found voluntary remand inappropriate based on several factors, none of which exist here.  First, the remand request in *Lutheran* was made at the "last second."  *Id.* at 349.  As Plaintiffs acknowledge, this meant after briefing on the merits, and "'[a]lmost two months after' the court heard argument on the merits[,]" while the court was likely drafting an opinion.  ECF No. 72 at 6 (quoting *Lutheran*, 141 F.3d at 348).  But this case has progressed no further than the resolution of Defendants' Rule 12(b) motion to dismiss, which "take[s] place early in the litigation," *see Rios-Campbell v. U.S. Dep't of Commerce*, 927 F.3d 21, 24 (1st Cir. 2019), not at its end.  HHS has not produced the administrative record, and the parties have not briefed summary judgment,[1] which "would take no inconsiderable amount of time[,]" *Whitman-Walker Clinic*, 2021 WL 4033072, at *3.  Moreover, although Defendants do not believe discovery is appropriate in this APA case, Plaintiffs have not disavowed their earlier assertions that they are entitled to discovery.  *See* ECF No. 35 at 7-8.  As Defendants explained in their opening brief, and Plaintiffs do not dispute, resolving this discovery dispute will require additional court and party resources.  ECF No. 67 at 14-15.  In this posture, Defendants' voluntary remand request is timely. *See, e.g.*, *Am. Forest Res. Concil v. Ashe*, 946 F. Supp. 2d 1, 47 (D.D.C. 2013).  "It makes little sense for the Court to require the filing of the administrative record and merits briefs from both sides, and then to expend resources resolving legal issues that will likely be moot around the same time as it reaches a decision."  *Chinatown Service Center*, *supra* at 3.

Second, the FCC's request for voluntary remand in *Lutheran* was based on "a post-argument 'policy statement'"—issued by the agency itself—that did "not bind the Commission to a result in any particular case."  141 F.3d at 348-49.  In contrast, HHS's reconsideration is largely driven by Executive Orders issued by the President of the United States directing agencies to

---

[1] "[W]hen administrative action is challenged under the APA, summary judgment serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review."  *Minuteman Health, Inc. v. HHS*, 291 F. Supp. 3d 174, 189-90 (D. Mass. 2018) (citation omitted) (cleaned up).

reevaluate their regulations. *See* Declaration of Robinsue Frohboese ("Frohboese Decl.") ¶¶ 7-13, ECF No.68. Executive Orders issued by the President provide a more compelling basis for remand than the policy statement in *Lutheran*. Although Plaintiffs assert that the Executive Orders are "nonbinding," ECF No. 72 at 7, the Secretary is bound to follow the President's directives, *see Myers v. United States*, 272 U.S. 52, 135 (1926), while an agency is not bound by its own general statements of policy, *Pacific Gas & Elec. Co. v. FPC*, 506 F.2d 33, 38 (D.C. Cir. 1974).[2]

Moreover, the policy statement in *Lutheran* was focused on overruling a particular agency precedent that had little to do with the reasons the agency found the petitioner to be in violation of its regulations. *See* 141 F.3d at 349 ("[E]ven if the Commission would overrule *King's Garden* in this proceeding [on remand], . . . the Church might well have violated the EEO requirements[.]"). So further agency proceedings were not likely to produce a new order concluding that the petitioner had complied with the agency's regulations resolving the dispute. *Id*. In contrast, HHS's "actions demonstrate that HHS shares many of Plaintiffs' concerns with the challenged Rule and provide every indication that it is preparing . . . a wholesale revision to the 2020 Rule." *Whitman-Walker Clinic*, 2021 WL 4033072, at *3. So remand may "ultimately resolve some or all of [P]laintiffs' objections to the current rule[.]" *California*, 2021 WL 4221583, at *1

Plaintiffs' reliance on *Chlorine Chemistry Council v. EPA*, 206 F.3d 1286 (D.C. Cir. 2000) and *Util. Solid Waste Activities Grp. v EPA*, 901 F.3d 414, (D.C. Cir. 2018), ECF No. 72 at 15, is similarly misplaced. In both cases, as in *Lutheran*, the courts found the voluntary remand motions untimely where the parties had already fully briefed the merits. *See Util. Solid Waste*, 901 F.3d at 425, 437 (agency did not meet "burden of justifying its last-minute request for a remand" "[l]ess than a month before oral argument"); *Chlorine Chemistry Council*, 206 F.3d at 1288 (voluntary remand request "[a]fter briefing on [the merits of] the petition for review"). Here, "[s]ummary-

---

[2] Notwithstanding *Lutheran*'s discussion of the agency's intervening policy statement, remand can be "appropriate" "even if there are no intervening events" at all. *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The agency needs only "to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Limnia*, 857 F.3d at 387.

judgment briefing would take no inconsiderable period of time and would then be followed by another Opinion." *Whitman-Walker Clinic,* 2021 WL 4033072, at *3.

Nor is HHS's remand requested in bad faith because of Plaintiffs' view that the issues that HHS will consider in proposing any new rule have been "well-ventilated" before the agency. ECF No. 72 at 10. Plaintiffs ignore two major "events of note . . . that go a long way toward explaining why [HHS is] reconsider[ing]" the challenged "provision[s]: namely, the inauguration of a new President and the confirmation of a new [HHS Secretary]." *Nat'l Ass'n of Home Builders v. EPA,* 682 F.3d 1032, 1043 (D.C. Cir. 2012). "A change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations. . . . [I]t is entitled to assess administrative records and evaluate priorities in light of the philosophy of the administration." *Id.* (citation omitted). In light of the valid reasons HHS has identified for revisiting the challenged rule, the Court should remand the rule to the agency.

## II.   Already-Expended Resources Do Not Justify Further Litigation Costs.

Plaintiffs' suggestion that the parties and Court would conserve resources by continuing to litigate this matter—on the theory that the parties have already expended *some* resources litigating the case to date—is unavailing. ECF No. 72 at 13. "[P]ermitting this action to go forward in parallel to the administrative proceedings," *Anversa v. Partners Healthcare Sys.,* 835 F.3d 167, 179 (1st Cir. 2016), would mean that "a substantial [additional] amount of the parties' and the Court's resources would have been expended and potentially for little gain." *Whitman-Walker,* 2021 WL 4033072, at *3.

In addition, HHS is not estopped from trying to prevent "a waste of resources." *See* ECF No. 72 at 12. HHS requested a stay of proceedings to conserve party and judicial resources on March 3, 2021, at the earliest stages of the agency's reassessment of the rule. ECF No. 41. Although the Court denied that request, it explained that, once the parties "get through the standing motion to dismiss," "then if [the Court] think[s] things are chugging along, [the Court] might . . . stay [the case] pending the agency decision[making process.]" Hearing Transcript (May 10, 2021)

at 37:15-18.   Since HHS's stay motion, the agency has initiated a rulemaking proceeding to reconsider the provisions of the rule challenged by Plaintiffs.   *See Whitman-Walker Clinic*, 2021 WL 4033072, at *3 (citation omitted) ("HHS initiated an assessment that has 'raised substantial and legitimate policy concerns with the challenged Rule that HHS [is] address[ing] in an [ongoing] Section 1557 rulemaking proceeding.'").   "HHS's efforts to reconsider the 2020 Rule are [now] underway[,]" *id.*, and the agency anticipates issuing a "Notice of Proposed Rulemaking ("NPRM") . . . no later than April 2022."  Frohboese Decl. ¶ 7.  HHS's instant request is thus timely and in good faith.

**III.     Plaintiffs Do Not Face Undue Prejudice from Remand.**

It "is far from inevitable" that Plaintiffs will prevail if this litigation continues, and HHS has "given Plaintiffs reason to believe that [the agency] will soon act to address their concerns." *Whitman-Walker*, 2021 WL at 4033072, at *2-3.   Under these circumstances, Plaintiffs cannot establish undue prejudice from remand.   *See Am. Forest Res. Council*, 946 F. Supp.2d at 47. Moreover, Plaintiffs do not dispute that they could seek relief against participants in the health care system that may cause them harm if such a circumstance arises.  ECF No. 72 at 15-16.   Instead, Plaintiffs challenge the applicability of some of Defendants' authorities, which relate to the administrative exhaustion context.   But administrative exhaustion and voluntary remand serve similar purposes.  *Compare Etyhl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) (Courts "commonly grant [voluntary remand] motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete."), *with, McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) ("The exhaustion doctrine also acknowledges the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.").

Plaintiffs also argue that "[a] merits determination [at *Chevron* step one] based on a full record can bind the agency to a particular regulatory path in a way that voluntary remand cannot." ECF No. 72 at 15.  But that assumes the case reaches final judgment, including resolution of any

appeals, before the agency's new rulemaking could moot Plaintiffs' claims. In any event, prior to merits briefing, it is far from clear that Plaintiffs' remaining claims would be resolved at *Chevron* step one or that "the precise question[s] at issue" in Plaintiffs' claims here will be the same, precise questions answered by the agency in its new rulemaking. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). Even "[i]f there is a step one *Chevron* issue . . . a reviewing court again has considerable discretion. It may decide the statutory issue [after it is briefed], or it may order a remand." *SKF USA*, 254 F.3d at 1029. For the reasons Defendants have explained, remand is the proper course here.

Moreover, the possibly of prejudice to the non-moving party is but one "consider[ation]" for the court when "deciding a motion to remand" in light of an agency's intention "'to take further action with respect to the original decision on review.'" *Util. Solid Waste*, 901 F.3d at 436 (citation omitted). The degree and nature of any such prejudice must be balanced against Defendants' substantial "interests in the efficiency [and] administrative autonomy" advanced by remand for reconsideration of the challenged rule. *See Vt. Dep't of Pub. Serv. v. United States*, 684 F.3d 149, 159 (D.C. Cir. 2012). "[F]orcing [HHS] to litigate the merits would needlessly waste not only the agency's resources but also time that could be spent correcting the rule's deficiencies." *Am. Forest Res. Council*, 946 F. Supp. 2d at 43. Here, the interests furthered by a remand outweigh any prejudice that Plaintiffs have identified. *Cf. Whitman-Walker Clinic*, 2021 WL 4033072, at *3; *Chinatown Service Center*, *supra* at 2-3.

## IV. A Remand With Vacatur is Unavailable Prior to Production of the Administrative Record and Briefing on Plaintiffs' Claims.

There is no basis for Plaintiffs' suggestion that, if the Court grants Defendants' request for a voluntary remand, it should set aside the challenged provisions of the 2020 Rule. When courts remand an agency action so that an agency may "reconsider its previous position," they ordinarily do so *without* vacatur where, as here, the agency has not "confess[ed] error." *Util. Solid Waste*, 901 F.3d at 436 (citation omitted); *see, e.g.*, *id.* at 437-38; *California*, 2021 WL 4221583, at *1; *WildEarth Guardians*, 2020 WL 6255291, at *1-2; *Am. Forest Res. Council*, 946 F. Supp. 2d at

42; *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 26 (D.D.C. 2008); *see also Carpenters Indus. Council*, 734 F. Supp. 2d at 135-37 (granting remand without vacatur despite voluntary vacatur request and agency confession of error).

Judicial authority to vacate rules rests on the APA, under which the Court may "set aside agency action" only if it makes one of several enumerated determinations.  5 U.S.C. § 706(2).  And the Court cannot make any of those determinations without ruling on the merits of the dispute, after reviewing "the whole record or those parts of it cited by a party[.]"  *See id*.  If litigants could vacate rules by resort to equitable balancing alone, they could circumvent the rulemaking process, "thereby denying interested parties the opportunity to oppose or otherwise comment on significant changes in regulatory policy."  *See Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 557 (D.C. Cir. 2015).  This Court has not reached the merits of Plaintiffs' claims in this case and "lacks the authority to grant … vacatur without a determination on the merits."  *Carpenters Indus. Council*, 734 F. Supp. 2d at 136.

Plaintiff are wrong to assert that the First Circuit's "explicit holding" in *Harrington v. Chao*, 280 F.3d 50 (1st Cir. 2002) is that "remand without vacatur is not a remedy available under the [APA]."  ECF No. 72 at 16-17.  The *Harrington* court merely remanded an agency's statement of reasons for declining to take an enforcement action with vacatur and stated that "vacation is a proper remedy when an agency fails to explain its reasoning adequately."  *Harrington*, 280 F.3d at 60.[3]  Plaintiffs' assertions are contrary to the First Circuit's explicit holding in *Central Maine Power Co. v. FERC*, 252 F.3d 34, 47-48 (1st Cir. 2001), remanding an agency's orders without vacatur and explaining that "[a] reviewing court that perceives flaws in an agency's explanation is not required automatically to set aside the inadequately explained order."  *Id*. at 48; *see also Town of Weymouth, Mass. v. Mass. DEP*, 973 F.3d 143, 145-46 (1st Cir. 2020) (issuing remand without vacatur).

---

[3] Because it merely vacated a statement of reasons for declining to take an enforcement action—not a rule binding on regulated entities—the *Harrington* court noted that it does not "disrupt anything by vacating [the agency's] decision."  280 F.3d at 60.

But the availability of remand without vacatur as a remedy after reaching the merits of a challenge is not at issue here. As Plaintiffs acknowledge, in *Harrington* and the other cases they cite, the courts "concluded that the [agency action] violated the APA" (or was insufficiently explained)—*after full briefing on the merits* of the plaintiffs' claims. ECF No. 72 at 17. Only then did the courts weigh whether to grant remand with or without vacatur *as the remedy*. *See id.* at 17-18; *Cent. Me. Power*, 252 F.3d at 47-48; *Allied-Signal, Inc. v. NRC*, 988 F.2d 146, 150-51 (D.C. Cir. 1993). Plaintiffs' cases are thus inapplicable in the current context, where the agency requests voluntary remand early in APA litigation because it seeks to reconsider the challenged action. *See Nat'l Parks Conservation Ass'n*, 660 F. Supp. 2d at 4-5. HHS is not seeking a "remedy that is available under the [APA]" for a violation of that statute, *see* ECF No. 72 at 16, but instead requesting a remand of the rule for further study and proceedings, including potentially exercising HHS's "discretion to modify [its] policies and regulatory approaches [in a manner that] may ultimately resolve some or all of [P]laintiffs' objections to the current rule[.]" *California*, 2021 WL 4221583, at *1. This Court cannot vacate the challenged portions of the 2020 Rule when the parties have not even briefed whether those portions are legally deficient and when Defendants have not yet produced the administrative record on which any such determination must be made. *See WildEarth Guardians*, 2020 WL 6255291, at *1.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion for voluntary remand without vacatur.[4] Alternatively, the Court should stay proceedings in this case, and hold

---

[4] Plaintiffs argue that the Court should retain jurisdiction during any remand, citing three orders from courts taking that approach. ECF No. 72 at 18-19. But the Court may clear its docket of this case while the rule is remanded to the agency. *See Am. Hawaii Cruises v. Skinner*, 893 F.2d 1400, 1402-03 (D.C. Cir. 1990) ("[D]istrict court formally dismissed the complaints and so cleared its docket" after voluntary remand order.). Although the Local Rules do not address this issue, disclaiming jurisdiction upon remand is consistent with D.C. Circuit rules. *See* D.C. Cir. Rule 41(b) ("If the case is remanded, this court does not retain jurisdiction, and a new notice of appeal or petition for review will be necessary if a party seeks review of the proceedings conducted on remand."). Whether the Court may retain jurisdiction once the rule is remanded to the agency is questionable; it is far from clear there is still a case or controversy pending before the Court after

Defendants' remand motion in abeyance until April 30, 2022, when the forthcoming NPRM will provide additional information about the scope of the agency's rulemaking.   For the reasons already discussed as to voluntary remand, the value of a stay outweighs any prejudice that Plaintiffs have identified.

Dated: October 13, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*

---

the remand order.  If the Court wishes to retain jurisdiction pending agency reconsideration, then a stay is the proper mechanism.  *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962).