```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                               )
BOSTON ALLIANCE OF GAY, LESBIAN,)
BISEXUAL AND TRANSGENDER YOUTH )
(BAGLY); CALLEN-LORDE COMMUNITY)
HEALTH CENTER; CAMPAIGN FOR    )
SOUTHERN EQUALITY; DARREN LAZOR;)
EQUALITY CALIFORNIA; FENWAY HEALTH;)
INDIGENOUS WOMEN RISING; NO/AIDS)
TASK FORCE (D/B/A CRESCENTCARE);)
AND TRANSGENDER EMERGENCY FUND OF)
MASSACHUSETTS,                 )
                               )
               Plaintiffs,     )
                               )    Civil Action
v.                             )    No. 20-11297-PBS
                               )
UNITED STATES DEPARTMENT OF HEALTH)
AND HUMAN SERVICES; XAVIER BECERRA,)
IN HIS OFFICIAL CAPACITY AS    )
SECRETARY OF THE U.S. DEPARTMENT)
OF HEALTH AND HUMAN SERVICES;  )
ROBINSUE FROHBOESE, IN HER OFFICIAL)
CAPACITY AS ACTING DIRECTOR, OFFICE)
FOR CIVIL RIGHTS, U.S. DEPARTMENT)
OF HEALTH AND HUMAN SERVICES; AND)
CHIQUITA BROOKS-LASURE, IN HER )
OFFICIAL CAPACITY AS ADMINISTRATOR)
FOR THE CENTERS FOR MEDICARE AND)
MEDICAID SERVICES, U.S. DEPARTMENT)
OF HEALTH AND HUMAN SERVICES,  )
                               )
               Defendants.     )
_____)
```

**MEMORANDUM AND ORDER ON MOTION TO REMAND**

October 29, 2021

Saris, D.J.

After hearing, the Court **DENIES** the Defendants' motion to remand the challenged provisions to the agency and **ALLOWS** the motion to stay the case, without prejudice to reopening, until the end of April 2022.

[1]

When an agency requests a voluntary remand to reconsider its previous position without confessing error, "the reviewing court has discretion over whether to remand." SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001). While there is a preference for "allow[ing] agencies to cure their own mistakes," Ethyl Corp. v. Browner, 989 F.3d 522, 524 (D.C. Cir. 1993), courts "consider whether remand would unduly prejudice the non-moving party," Util. Solid Waste Activities Grp. V. EPA, 901 F.3d 414, 436 (D.C. Cir. 2018).

Defendants declare that their reconsideration of the 2020 Rule "is based on a substantial and legitimate need to ensure the 2020 Rule's provisions adequately advance the Administration's policy as articulated in EO 13988," Dkt. 68 at ¶ 13, but they cannot guarantee anything other than that the new final rule "may resolve or moot some or all of the claims that remain subject to review in this litigation." Dkt. 67 at 3 (emphasis added). Plaintiffs, by contrast, "have shown changes in coverage by several insurers and face a risk of economic injury from reduced reimbursements now." Boston All. Of Gay, Lesiban, Bisexual & Transgender Youth (BAGLY) v. U.S. Dep't of Health & Hum. Servs., No. 20-11297, 2021 WL 3667760, at *14 (D. Mass. Aug. 18, 2021). This risk of harm, in the face of uncertainty that the proposed rule will address, let alone resolve, all the claims before the Court, cautions against remand.

In the alternative, the Defendants' move to stay the case pending the Notice of Proposed Rulemaking in April 2022. "It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l.,

Inc., 385 F.3d 72, 77 (1st Cir. 2004); see also Levya v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In the absence of a showing of irreparable harm, it makes little sense for the Court to require merits briefs and expend resources resolving complicated legal issues that may well be moot around the same time this Court would reach a decision. The Court allows this motion to stay the case until the end of April 2022 to save both judicial and administrative resources. This stay is without prejudice to moving for relief upon a showing of irreparable harm. A status conference is scheduled for May 5, 2022 at 2:30pm.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge