

Hogan Lovells US LLP
125 High Street
Suite 2010
Boston, MA 02110
T  +1 617 371 1000
F  +1 617 371 1037
www.hoganlovells.com

November 1, 2021

**BY CM/ECF**

The Honorable Patti B. Saris
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston Massachusetts 02210

Re:   *Boston Alliance of Gay, Lesbian, Bisexual and Transgender Youth (BAGLY) et al. v. United States Department of Health and Human Services et al.*, 1:20-cv-11297-PBS

Dear Judge Saris:

This letter responds to the Court's request for letter briefs following the hearing on the Government's Motion to Remand.  The Court asked that the Plaintiffs address whether the Court correctly stated in its Memorandum and Order on the Government's Motion to Dismiss that "[t]he 2020 Rule explicitly incorporate[d] Title IX's abortion exemption ('Danforth Amendment') into § 1557."  *See* ECF No. 63 at 19 (Aug. 19, 2021).  The Government suggested in its Motion to Remand and again at oral argument on that motion that this statement was inaccurate because "the quoted provisions do not construe Section 1557."  *See* ECF No. 67 at 4 n.2 (Sept. 15, 2021).  The Government is wrong.  No correction to the Court's Memorandum and Order is necessary.

The Rollback Rule's incorporation of the Danforth Amendment into HHS's Section 1557 regulations proceeds in two steps:  First, the Rollback Rule amends HHS's Title IX regulations (codified at Part 86 of Title 45 of the Code of Federal Regulations) to incorporate Title IX's statutory abortion exemption, the Danforth Amendment, 20 U.S.C. § 1688.[1]  Second, the Rollback Rule amends HHS's Section 1557 regulations (codified at Part 92 of Title 45 of the Code of Federal Regulations) to make those regulations effective only to the extent they do not conflict with

---

[1] With respect to HHS's Title IX regulations, the Rollback Rule amends 45 C.F.R. § 86.18 to add, in relevant part: "(a) Nothing in this part shall be construed to force or require any individual or hospital or any other institution, program, or activity receiving Federal funds to perform or pay for an abortion.  (b) Nothing in this part shall be construed to require or prohibit any person, or public or private entity, to provide or pay for any benefit or service, including the use of facilities, related to an abortion.  Nothing in the preceding sentence shall be construed to permit a penalty to be imposed on any person or individual because such person or individual is seeking or has received any benefit or service related to a legal abortion."  *See* Nondiscrimination in Health and Health Education Programs or Activities, 85 Fed. Reg. 37,160 37,243 (June 19, 2020).

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices: Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.  Business Service Centers: Johannesburg  Louisville.  Legal Services Center: Berlin.  For more information see www.hoganlovells.com

"definitions, exemptions, affirmative rights, or protections" from multiple statutes, including Title IX, "or any related . . . regulations." 85 Fed. Reg. at 37,245 (citing 45 C.F.R. § 92.6(b)).[2]

Furthermore, the Rollback Rule's preamble explains, "[b]y adding the abortion neutrality language to the Title IX regulations, and stating in the Section 1557 regulation that it will be applied consistent with Title IX (including that language), this final rule ensures . . . that the Department's regulations forbidding discrimination on the basis of sex must be construed in light of the underlying text of Title IX, including abortion neutrality." *Id.* at 37,218. *See also id*. at 37,192 ("Under this final rule, the Department will interpret Section 1557's prohibition on sex-based discrimination consistent with Title IX and its implementing regulations. This final rule ensures that the Department's Section 1557 regulations are implemented consistent with the abortion neutrality [i.e., the Danforth Amendment] and statutory exemptions in Title IX."); *id.* at 37,193 ("the Department likewise incorporates [the abortion-neutrality] provision for purposes of the covered entities under Section 1557"); *id.* at 37,207–08 ("Section 1557 incorporates the statutory scope of Title IX, so it is appropriate for this rule to incorporate the Title IX statutory language concerning religious institutions and abortion neutrality."). The Rollback Rule thus incorporates Title IX's exemptions, including HHS's own regulations interpreting those exemptions, into HHS's regulations implementing Section 1557.

The Court's Memorandum and Order on the Government's Motion to Dismiss therefore correctly stated that "[t]he 2020 Rule explicitly incorporate[d] Title IX's abortion exemption ('Danforth Amendment') into § 1557," and correctly cited the portion of the Rollback Rule amending HHS's Title IX regulations. *See* ECF No. 63 at 19 (citing 85 Fed. Reg. at 37,243, amending 45 C.F.R. § 86.18).

This Court's decision is consistent with other courts that have addressed what the Rollback Rule accomplishes through the provision codified at 45 C.F.R. § 92.6(b). In *Whitman-Walker*, for example, Judge Boasberg explained that the Rollback Rule "expressly incorporated Title IX's religious exemption into Section 1557," citing to § 92.6(b) as "incorporating 'exemptions' contained in various statutes, including Title IX." *See Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 14 (D.D.C. 2020); *id.* at 43 (same). The Rollback Rule expressly incorporates the Danforth Amendment into its Section 1557 regulations in precisely the same way.

The Government mistakenly suggests that Plaintiffs did not challenge the Rollback Rule's addition of the Danforth Amendment into its Title IX regulations. *See* ECF No. 67 at 4 n.2. As explained above, the addition of 45 C.F.R. § 92.6(b) means that HHS's Title IX regulations cannot be divorced from Section 1557: the Title IX regulations directly inform the scope of HHS's Section

---

[2] Specifically, 45 C.F.R. § 92.6(b) states, in relevant part: "Insofar as the application of any requirement under this part would violate, depart from, or contradict definitions, exemptions, affirmative rights, or protections provided by any of the statutes cited in paragraph (a) of this section . . . , or any related, successor, or similar Federal laws or regulations, such application shall not be imposed or required." Section 92.6(a) includes "Title IX of the Education Amendments of 1972 (20 U.S.C. [§] 1681 et seq.)."

1557 regulation and HHS's enforcement of Section 1557. Plaintiffs are therefore challenging both. *See* ECF No. 18 at ¶ 399 ("The Rollback Rule adopts an interpretation of discrimination on the basis of sex, incorporating Title IX's exemptions, that conflicts with Section 1557 and Title IX.").

To the extent the Government attempts to disavow the Rollback Rule's clear incorporation of the Danforth Amendment into its Section 1557 regulations and asks this Court to amend its Memorandum and Order to reflect that disavowal, this Court should reject that argument. Agencies receive no deference in interpreting their own regulations unless the regulation is "genuinely ambiguous," and even then courts "should decline to defer to a merely convenient litigating position or post hoc rationalization advanced to defend past agency action against attack." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415, 2417 (2019) (internal quotation marks and alterations omitted).

The incorporation of the Danforth Amendment into HHS's Section 1557 regulation is unambiguous from § 92.6(b)'s plain text, and is also clear from the preamble, *supra* at 2. Accordingly, no amendment to the Court's Memorandum and Order is warranted.

                                                   Respectfully submitted,

                                                   /s/ Bill Kettlewell
                                                   Bill Kettlewell

                                                 *Counsel for Plaintiffs*

cc: Counsel of Record (via CM/ECF)