**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Boston Alliance of Gay, Lesbian, Bisexual and Transgender Youth (BAGLY); Callen-Lorde Community Health Center; Campaign for Southern Equality; Darren Lazor; Equality California; Fenway Health; Indigenous Women Rising; NO/AIDS Task Force (d/b/a CrescentCare); and Transgender Emergency Fund of Massachusetts,

Plaintiffs,

v.

United States Department of Health and Human Services; Xavier Becerra, *in his official capacity as secretary of the U.S. Department of Health and Human Services*; Lisa J. Pina, *in her official capacity as Director, Office for Civil Rights, U.S. Department of Health and Human Services*; and Chiquita Brooks-LaSure, *in her official capacity as Administrator for the Centers for Medicare and Medicaid Services, U.S. Department of Health and Human Services*,

Defendants.

Civil Action No. 1:20-cv-11297

**PLAINTIFFS' STATUS REPORT**

Plaintiffs submit this Status Report in advance of the Court's May 24, 2022, status conference. This lawsuit alleges that the final rule[1] promulgated by Defendants interpreting Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 (the "Rollback Rule"), violates the Administrative Procedure Act. ECF No. 18 at ¶¶ 395–427. While the early stages of this litigation straddled the 2020 presidential election, and the change in administration brought the possibility

[1] Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020) (codified at 42 C.F.R. pts 438, 440, 460).

that Defendants would rescind the prior rule voluntarily and issue a new rule, this has not come to pass. This Court stayed the litigation—and consequently, Defendants' obligation to file a responsive pleading—until April 30, 2022, to allow the Defendants time to issue a Notice of Proposed Rulemaking ("NPRM"). However, the Rule challenged by Plaintiffs has not been vacated or rescinded. Defendants have not yet issued a NPRM. And the deadline for Defendants to file a responsive pleading has now elapsed.

1. Defendants filed a motion to dismiss on October 14, 2020, which was fully briefed on December 9, 2020, and first scheduled to be heard on January 26, 2021. ECF Nos. 22, 23 27, 33. Six days prior to that hearing date, on January 20, 2021, President Biden took office and signed Executive Order 13988, which directed all agency heads to review all regulations promulgated under any statute that prohibits sex discrimination that are or may be inconsistent with the Supreme Court's decision in *Bostock v. Clayton County, GA*, 140 S. Ct. 1731 (2020). Exec. Order No. 13988, 86 Fed. Reg. 7023 (Jan. 20, 2021). In light of this Executive Order and its possible implications for this case, the Court postponed the hearing on Defendants' motion to dismiss. ECF Nos. 38, 39.

Defendants then moved to stay the litigation to allow the United States Department of Health and Human Services ("HHS") more time to "reassess[] the issues that this case presents." ECF No. 41 at 2. After Plaintiffs opposed, ECF No. 42, the Court set a hearing on the motion to stay for May 10, 2021. ECF No. 45. The day of the hearing on the stay motion, HHS issued a notification which stated that HHS "will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include: (1) discrimination on the basis of sexual orientation; and (2) discrimination on the basis of gender identity." ECF No. 50. Recognizing that the

Executive Order and HHS's actions did not resolve or moot the majority of Plaintiffs' claims, the Court denied the stay. ECF Nos. 47, 48.

On August 18, 2021, after a hearing and supplemental briefing by both sides, the Court also denied in part Defendants' motion to dismiss. ECF No. 63. The Court held that Plaintiffs had standing to challenge the Rollback Rule's incorporation of Title IX's abortion exemption, the narrowed scope of covered entities, and the elimination of the 2016 Rule's prohibition on categorical coverage exclusions for gender transition care. *See id*. at 19–28. The Court held that Plaintiffs' claims are ripe. *See id.* at 35–36. And the Court held that Plaintiffs stated a claim that the Rollback Rule discriminates on the basis of sex and was motivated by animus against transgender people. *Id.* at 44.

2. Based on the Court's August 18, 2021, partial denial of the motion to dismiss, Defendants' responsive pleading was due September 1, 2021. *See* Fed. R. Civ. P. 12(a)(4)(A). However, prior to that deadline, Defendants notified the Court of their intent to file a motion for voluntary remand and moved for an order extending the time to file a responsive pleading "until 21 days after the Court decides Defendants' motion for voluntary remand." ECF No. 64 at 3. After the Court granted that extension, ECF No. 65, Defendants filed the anticipated motion for a voluntary remand, ECF No. 66. In the alternative, Defendants also requested a stay. ECF No. 67 at 17. Plaintiffs opposed. ECF No. 72. On October 18, 2021, the Court held a hearing on the remand motion. ECF No. 80. At the hearing, the Court denied the Defendants' request for a remand, but took the request for a stay under advisement. *Id*.

On October 29, 2021, the Court issued an order that both reiterated its denial of the remand request and decided the stay request. ECF No. 83. In particular, the Court decided to "stay the case until the end of April 2022." *Id.* at 3. The Court limited the stay until April 2022 because

Defendants had represented that HHS had begun a rulemaking proceeding to revise its regulations implementing Section 1557 and would issue an NPRM before April 2022. *Id.* at 2. Defendants had submitted a declaration from an HHS official explaining that "OCR has initiated a new rulemaking revising HHS's regulation implementing Section 1557, which is reflected in the 2021 Spring Unified Agenda of Federal Regulatory and Deregulatory Actions," and stating that the "anticipated Notice of Proposed Rulemaking ('NPRM') [is] to be issued no later than April 2022." ECF No. 68 ¶ 7. In addition, Defendants' motion for voluntary remand argued that "[g]iven that the Notice of Proposed Rulemaking will be issued no later than April 2022," this Court had "no basis to conclude that the agency's reconsideration will be unreasonably prolonged or delayed." ECF No. 67 at 13–14.

3. Defendants have not yet filed a responsive pleading. Based on (a) the Court's grant of Defendants' request to file their responsive pleading 21 days after the Court decided Defendants' motion for voluntary remand, ECF No. 65; (b) the Court's denial of Defendants' motion for voluntary remand on October 18, 2021, ECF No. 80; (c) the Court's entry of a stay 11 days after that, ECF No. 83; and (d) the Court's limitation of the stay until April 30, 2022, Defendants' responsive pleading was due 10 days after the stay was lifted, on May 10, 2022.[2]

4. Nor have Defendants issued the anticipated NPRM. Public records suggest that the Office of Management and Budget ("OMB") began its review of the proposed rule on March 22, 2022. *See* Off. of Info. and Regul. Affs., Exec. Order Submissions under Rev.[3] Submission to

[2] Plaintiffs consulted with Defendants about the deadline, explaining that Plaintiffs understand the deadline to be May 10, 2022, and how Plaintiffs arrived at that date. Defendants requested that Plaintiffs relay their position to the Court as follows: "The Government respectfully disagrees with Plaintiffs' reading of the docket and will be prepared to discuss this matter, if necessary, at Tuesday's Status Conference." Defendants did not state what they believe the deadline is or explain how they arrived at a different deadline.

[3] https://www.reginfo.gov/public/do/eoReviewSearch (last visited May 20, 2022).

OMB does not suggest that the final rule is imminent. For example, over a year elapsed between the Trump Administration's submission of the Rollback Rule and its promulgation as a proposed rule. *See Franciscan All., Inc. v. Burwell*, No. 7:16-cv-00108-O (N.D. Tex. Apr. 16, 2018), ECF No. 113 (reporting to the Court that the proposed rule was submitted to OMB on April 13, 2018); Nondiscrimination in Health and Health Education Programs or Activities, 84 Fed. Reg. 27,846 (proposed June 14, 2019).

5. The Rollback Rule remains in effect. For example, the Federal Employees Health Benefit Program has continued to consider coverage for gender-affirming healthcare to be optional rather than required by the Affordable Care Act, even for future plan years. *See* U.S. Off. of Pers. Mgmt., *Technical Guidance and Instructions for 2023 Benefit Proposals* 23 (Mar. 16, 2022) ("OPM strongly encourages FEHB Carriers to provide comprehensive gender affirming care and services.").[4] And "[f]or 2022, several insurers" who sell healthcare plans on Healthcare.gov "continued to have discriminatory transgender-specific exclusions," with "more exclusions observed than in recent years." *See* Out2Enroll, *Summary of Findings: 2022 Marketplace Plan Compliance with Section 1557* 1.[5] "The language of these exclusions varied but all were categorical exclusions of treatment for gender dysphoria, including, for instance, hormone therapy, mental health services, and surgical procedures." *Id*.

Dated: May 20, 2022

Respectfully submitted,

/s/ William H. Kettlewell
William H. Kettlewell (BBO No. 270320)
HOGAN LOVELLS US LLP
125 High Street
Suite 2010
Boston, MA 02110

Kevin Costello (BBO No. 669100)
Maryanne Tomazic (admitted pro hac vice)
CENTER FOR HEALTH LAW & POLICY INNOVATION
Harvard Law School

[4] https://www.opm.gov/healthcare-insurance/healthcare/carriers/2022/2022-04.pdf.

[5] https://out2enroll.org/wp-content/uploads/2021/12/Report-on-Trans-Exclusions-in-2022-Marketplace-Plans.pdf (last visited May 20, 2022).

1585 Massachusetts Avenue
Cambridge, MA 02138
Phone: 617.496.0901
kcostello@law.harvard.edu
mtomazic@law.harvard.edu

Sunu Chandy (admitted pro hac vice)
Michelle Banker (admitted pro hac vice)
Dorianne Mason (admitted pro hac vice)
Alison Tanner (admitted pro hac vice)
NATIONAL WOMEN'S LAW CENTER
11 Dupont Circle NW Suite 800
Washington, DC 20036
Phone: 202.588.5180
schandy@nwlc.org
mbanker@nwlc.org
dmason@nwlc.org
atanner@nwlc.org

David Brown (admitted pro hac vice)
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave. Ste. 2204
New York, NY 10018
Phone: 646.862.9396
dbrown@transgenderlegal.org

Phone: 617.371.1000
bill.kettlewell@hoganlovells.com

Jessica L. Ellsworth (admitted pro hac vice)
Jo-Ann Tamila Sagar (admitted pro hac vice)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Phone: 202.637.5600
jessica.ellsworth@hoganlovells.com
jo-ann.sagar@hoganlovells.com

Lynly Egyes (admitted pro hac vice)
Dale Melchert (admitted pro hac vice)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: 510.587.9696
lynly@transgenderlawcenter.org
dale@transgenderlawcenter.org

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Boston Alliance of Gay, Lesbian, Bisexual and Transgender Youth (BAGLY), et al.,<br>Plaintiffs,<br>v.<br>United States Department of Health and Human Services, et al.<br>Defendants. | Civil Action No. 1:20-cv-11297 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the CM/ECF system on May 20, 2022 and thus will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 20, 2022

/s/ William H. Kettlewell
William H. Kettlewell (BBO No. 270320)
HOGAN LOVELLS US LLP
125 High Street
Suite 2010
Boston, MA 02110
Phone: 617.371.1000
bill.kettlewell@hoganlovells.com