## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
BAGLY, *et al.*,                    )
                                    )
    Plaintiffs,            )
                                    )
v.                                  )   C.A. No. 20-cv-11297-PBS
                                    )
UNITED STATES DEPARTMENT            )
OF HEALTH AND HUMAN SERVICES,       )
*et al.*,                           )
                                    )
    Defendants.            )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR VOLUNTARY REMAND, OR IN THE ALTERNATIVE FOR A STAY OF PROCEEDINGS

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    I.    Plaintiffs' Claims are No Longer Ripe in Light of HHS's Proposal to Revise and Replace the Provisions Plaintiffs Challenge ...................................................... 3

        A.    The 2022 Proposed Rule Makes the 2022 Rule Unfit for Judicial Review. 4

        B.    Hardship Considerations Fail to Overcome the Finality and Fitness Problems Inherent in Attempting to Review the 2020 Rule Provisions that HHS Has Proposed to Supersede. .......................................................... 6

    II.   In the Alternative, the Court Should Remand Without Vacautr the Provisions of the 2020 Rule Subject to Review in this Case. ..................................................... 7

    III.  In the Alternative, the Court Should Stay Proceedings Unil the Conclusion of the Agency's Rulemaking ................................................................................. 10

CONCLUSION ................................................................................................................. 11

## INTRODUCTION

On July 25, 2022, the United States Department of Health and Human Services ("HHS") issued a proposed rule (the "2022 Proposed Rule"), proposing to make significant revisions to its regulations implementing Section 1557 of the Affordable Care Act, currently codified at Part 92 of Title 45 of the Code of Federal Regulations, including regulations that Plaintiffs have challenged in this lawsuit ("the 2020 Rule").  ECF No. 104-1.  The provisions of the 2020 Rule that remain subject to review in this case include the 2020 Rule's construction of "health program or activity" to exclude entities principally engaged in the business of providing health insurance, the 2020 Rule's replacement of an anti-discrimination provision that explicitly prohibited categorical coverage exclusions for all health services related to gender transition with a general prohibition on discrimination, and a conscience provision, 45 C.F.R. § 92.6(b), which Plaintiffs construe to incorporate the abortion neutrality provision of Title IX of the Education Amendments of 1972.[1] ECF No. 63 at 10, 19-35; ECF No. 87.  Among other provisions, the 2022 Proposed Rule proposes to expand the scope of entities covered by Section 1557's anti-discrimination provisions and to explicitly prohibit covered entities from having or implementing categorical coverage exclusions or limitations for health services related to gender transitions or other gender-affirming care.  Moreover, HHS's proposed revisions would include repealing 45 C.F.R. § 92.6(b).

Given this development, Plaintiffs' claims are no longer ripe and this Court should dismiss the Amended Complaint for lack of justiciability.  At this stage of the rulemaking, dismissal without a remand order is proper.  Although a remand order returning the 2020 Rule to the agency for further proceedings would be justified, it is less meaningful than earlier in this case now that the agency has published a proposed rule to amend each of the provisions challenged here.  Because the 2022 Proposed Rule has rendered Plaintiffs' claims unfit for review and "it is not the role of Article III courts to supervise or monitor the rulemaking efforts of an Article II agency[,]"

---

[1] Section 1557 prohibits discrimination on the grounds prohibited under several enumerated statutes, including Title IX of the Education Amendments of 1972. 42 U.S.C. § 18116.

1

the Court should dismiss this case without prejudice for lack of jurisdiction. *See Wyoming v. Zinke*, 871 F.3d 1133, 1144-45 (10th Cir. 2017).

Even if this Court did have jurisdiction over Plaintiffs' challenges to the rule the agency is revising, this litigation should not proceed due to considerations of practicality, wise judicial administration, and comity. At a minimum, the Court should "remand or hold the case in abeyance pending reconsideration by the agency[.]" *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 n.3 (D.C. Cir. 1993) (quoting *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962)). This Court's prior conclusion that "it makes little sense for the Court to require merits briefs and expend resources resolving complicated legal issues that may well be moot around the same time this Court would reach a decision" applies with even greater force now that the 2022 Proposed Rule has been published. ECF No. 83 at 3. The Court previously denied Defendants' request to remand the challenged provisions of the 2020 Rule to HHS because of the "uncertainty that the proposed rule will address, let alone resolve, all of the claims before the Court[.]" *Id*. at 2. The 2022 Proposed Rule's publication removes any uncertainty. The new rule will supersede the challenged one and be supported by a new administrative record being built before the agency. At this stage, it cannot be clearer that HHS is addressing administratively the provisions of the 2020 Rule that plaintiffs challenge here. As a result, HHS should not be "forced to defend [the old rule] well after the agency has decided to reconsider" it. *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004). In the alternative, the Court should stay all proceedings in this case to conserve judicial and party resources pending publication of the final rule.

## BACKGROUND

On July 25, 2022, HHS issued the 2022 Proposed Rule, which proposes significant revisions to the agency's Section 1557 regulations. ECF No. 104-1. Among other changes, the 2022 Proposed Rule proposes to clarify that Section 1557's robust antidiscrimination requirements apply to many health insurance issuers and also prohibit discrimination in health insurance and other health-related coverage. *Id*. at 14-15. The 2022 Proposed Rule proposes to apply Section

1557 to health programs and activities of HHS. If this provision is finalized, it would hold HHS accountable to the same standards of compliance with civil rights laws to which it holds recipients of federal financial assistance. *Id*. at 14.

In the 2022 Proposed Rule, HHS proposes regulatory provisions to address discrimination on the basis of sex, including gender identity and sexual orientation, consistent with *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). *Id*. at 15. HHS proposes to explicitly prohibit a covered entity from having or implementing a categorical coverage exclusion or limitation for all health services related to gender transition or other gender-affirming care. *Id*. at 150. Moreover, in the 2022 Proposed Rule, HHS proposes repealing 45 C.F.R. § 92.6(b), *id*. at 172, which Plaintiffs construe to "expressly incorporat[e] the Danforth Amendment [to Title IX] into its Section 1557 regulations[,]" ECF No. 87 at 2. Accordingly, the 2022 Proposed Rule addresses each provision of the 2020 Rule that Plaintiffs challenge in this case.

## ARGUMENT

**I. PLAINTIFFS' CLAIMS ARE NO LONGER RIPE IN LIGHT OF HHS'S PROPOSAL TO REVISE AND REPLACE THE PROVISIONS PLAINTIFFS CHALLENGE.**

Now that the agency has issued the 2022 Proposed Rule, this case is unfit for review and should therefore be dismissed. "The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Nat'l Park Hosp. Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). It requires a case to "be 'ripe'—not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all'" to be justiciable. *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). "Like mootness, but unlike standing, ripeness is reevaluated throughout the course of litigation." *Milwaukee Police Ass'n v. Bd. of Fire & Police Com'rs of City of Milwaukee*, 708 F.3d 921, 933 (7th Cir. 2013). "'Ripeness is peculiarly a question of timing,' and 'it is the situation now rather than the situation at the time of the [decision under review] that must

3

govern.'" *Anderson v. Green*, 513 U.S. 557, 559 (1995) (quoting *Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 140 (1974)).

"In determining whether a challenge to administrative regulation is ripe for review a twofold inquiry must be made: first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial review is denied at that stage." *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162 (1967). In the fitness inquiry, the focus is "on the policy of judicial restraint from unnecessary decisions." *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003). "[P]remature review not only can involve judges in deciding issues in a context not sufficiently concrete to allow for focus and intelligent analysis, but it also can involve them in deciding issues unnecessarily, wasting time and effort." *City of Fall River, Mass. v. FERC*, 507 F.3d 1, 6 (1st Cir. 2007) (quoting *W.R. Grace & Co. v. EPA*, 959 F2d. 360, 366 (1st Cir. 1992)). The hardship prong examines whether "irremediable adverse consequences flow from requiring a later challenge[.]" *Toilet Goods Ass'n*, 387 U.S. at 164. But "agency action must satisfy both prongs" to be ripe—"[u]nsuitability for review is determinative." *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 435 n.30 (5th Cir. 2021). Both prongs of the ripeness inquiry indicate that the provisions of the 2020 Rule at issue in this case are no longer ripe for review.

### A. The 2022 Proposed Rule Makes the 2020 Rule Unfit For Judicial Review.

As many courts have found, addressing a challenge to an agency regulation after "the [agency] has [] commenced rescinding that same regulation appears to be a very wasteful use of limited judicial resources." *Wyoming*, 871 F.3d at 1142. In *Wyoming v. Zinke*, 871 F.3d 1133 (10th Cir. 2017), the Tenth Circuit concluded that issuance of a proposed rule to rescind an existing rule rendered a challenge to the existing rule "a moving target[,] . . . present[ing] an 'unusual circumstance' that requires [the Court] to conclude that [the case is] unfit for review." *Id*. at 1142; *see also Occidental Chem. Corp. v. FERC*, 869 F.2d 127, 129-30 (2d Cir. 1989) (quoting *U.S. Def. Comm. v. Fed. Election Comm'n*, 861 F.2d 765, 772 (2d Cir. 1988)) (challenge to agency order unripe when rulemaking "could alter the very regulations applied in [the] order"); ECF No. 63 at

4

36 (citation omitted) (finding claims ripe because "[a]lthough HHS has stated its intention to 'initiate a [new] rulemaking proceeding on Section 1557,' it has not yet done so at this juncture"). The Tenth Circuit instructed the district court to dismiss the underlying action without prejudice, explaining that "it is not the role of Article III courts to supervise or monitor the rulemaking efforts of an Article II agency." *Wyoming*, 871 F.3d at 1144, 1146.

Likewise, in *Belmont Abbey Coll. v. Sebelius*, 878 F. Supp. 2d 25, 37-41 (D.D.C. 2012), the court determined that a challenge to an HHS rule requiring group health plans to pay for all FDA-approved contraceptive services was not ripe after HHS issued an advance notice of proposed rulemaking ("ANPRM") that sought to amend the challenged rule. Recognizing that it was speculative to assume that the ANPRM proposal "will make it into the final rule," the court concluded that because the agency's "position on the policy at issue remains indeterminate[,]" plaintiff's challenge to the HHS rule should not be heard by the court. *Id*. at 39-40. Whether the agency's approach in the ANPRM would or would not resolve the plaintiff's grievances was irrelevant to court's determination that it lacked jurisdiction after the agency took action on the rule. *Id*.

Similarly, in *Priests for Life v. Sebelius*, 2013 WL 1563390 (E.D.N.Y. Apr. 12, 2013), the court concluded that a challenge to a rule was no longer ripe for review after the agency issued a proposed rule. The court explained that if the plaintiff "is not content with the ultimate regulations, it may renew its legal challenge at that point." *Id*. at *2. As the *Priests for Life* court explained, "because this case is nonjusticiable the appropriate course is to dismiss it." *Id*. at *3.

As these cases demonstrate, the proper course is dismissal without prejudice after an agency formally proposes significant revisions to the rule being challenged.

### B. Hardship Considerations Fail to Overcome the Finality and Fitness Problems Inherent in Attempting to Review the 2020 Rule Provisions that HHS Has Proposed to Supersede.

The hardship prong also weighs in favor of concluding that this case is unripe. HHS, covered entities, and the public "would face more uncertainty if th[is case], which concern[s] the scope of [HHS]'s authority, were to remain under advisement, or if [the Court] were to rule in the midst of [HHS]'s ongoing rulemaking process[.]" *Wyoming*, 871 F.3d at 1144; *see also Occidental Chem. Corp.*, 869 F.2d at 129 ("a judicial decision at this time would merely impede the agency's efforts to complete its rulemaking proceedings"). Moreover, review at this stage would waste judicial resources by deciding issues unnecessarily. *See Full Value Advisors, LLC v. SEC*, 633 F.3d 1101, 1106 (D.C. Cir. 2011) (quoting *Harris v. FAA*, 353 F.3d 1006, 1012 (D.C. Cir. 2004)) ("In evaluating hardship," courts consider "'whether *postponing* judicial review . . . would benefit the court.'").

In contrast, as in *Wyoming*, here "[t]he only 'harm' the [Plaintiffs] will suffer . . . represents no departure from the status quo[.]" *Wyoming*, 871 F.3d at 1143. "[W]hile they seek to benefit from the regulatory protection of [an older regulatory scheme], which they hope [this Court's] judicial review will insure, that is not a 'hardship' contemplated by the prudential ripeness rubric." *Id.*; *see also Reno*, 509 U.S. at 58 (promulgation of regulations that "impose no penalties for violating any newly imposed restriction, but limit access to a benefit created by [a statute] but not automatically bestowed" on beneficiaries does "not itself give [statutory beneficiaries] a ripe claim"). And, although this Court determined that Plaintiffs have plausibly alleged that they "face a risk of economic injury from reduced reimbursements now[,]" ECF No. 83 at 2 (citation omitted), Plaintiffs' risk of future monetary harm is not the type of "immediate and significant" hardship needed to "overcome the finality and fitness problems inherent in" attempting to review the 2020 Rule provisions the agency has proposed to revise. *See, e.g., Roberts v. Roth*, --- F. Supp 3d ---, 2022 WL 834148, at *5 n.3 (D.D.C. Mar. 21, 2022) (citation omitted); *see also Toilet Goods Ass'n*, 387 U.S. at 164 (examining "degree and nature of the regulation's present effect on those seeking relief").

6

For all of these reasons, Plaintiffs' claims should be dismissed without prejudice as unripe.

## II. IN THE ALTERNATIVE, THE COURT SHOULD REMAND WITHOUT VACATUR THE PROVISIONS OF THE 2020 RULE SUBJECT TO REVIEW IN THIS CASE.

HHS alternatively moves for a voluntary remand (without vacatur) because the agency has proposed to replace the 2020 Rule provisions challenged here with a new rule. Remand would be consistent with HHS's decision to consider the issues raised in Plaintiffs' Amended Complaint in the context of its new rulemaking, including Plaintiffs' assertions about the harmful effects of the 2020 Rule and alleged deficiencies in the agency's justification for the 2020 Rule. *See* ECF No. 104-1 at 17-42. This alternative relief should be granted considering HHS's inherent authority to reconsider its own decisions, to ensure the integrity of the administrative process, and to conserve the Court's and the parties' resources while new agency rulemaking is ongoing.

"'[S]o long as the agency intends to take further action with respect to the original decision on review,' courts 'generally grant an agency's motion to remand.'" *Organic Trade Ass'n v. USDA*, C.A. No 17-1875, 2022 WL 951335, at *4 (D.D.C. Mar. 30, 2022) (quoting *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018)). An agency may request remand in a range of circumstances, including where it seeks "to reconsider its previous position." *Rural Empowerment Ass'n for Cmty. Help v. EPA*, C.A. No. 18-2260, 2022 WL 444095, at *1 (D.D.C. Feb. 14, 2022) (quoting *Clark v. Perdue*, No. 19-cv-394, 2019 WL 2476614, at *2 (D.D.C. June 13, 2019)). To obtain voluntary remand, an agency "need [not] confess error or impropriety[.]" *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017). Instead, the agency must "profess intention to reconsider, re-review, or modify the original decision that is the subject of the legal challenge." *Id*.[2]

---

[2] "[T]here are typically three postures by which an agency requests voluntary remand, each of which accord varying degrees of discretion to the district court." *Am. Fed. of Teachers v. Cardona*, No. 20-cv-00455, 2022 WL 1471388, at *2 (N.D. Cal. May 10, 2022). "The agency may request the remand because of (1) 'intervening events outside of the agency's control,' (2) its intention to reconsider its previous position without confessing error, or (3) its belief that the original decision was incorrect on the merits and desire to change the result." *Id*. (quoting *SKF USA v. Untied States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001)).

After the parties completed briefing on Defendants' motion to dismiss, on January 20, 2021, Joseph R. Biden, Jr. took office as President of the United States and new leadership also began arriving at HHS. New HHS leadership began to reconsider the challenged rule on its own initiative and initiated a rulemaking proceeding to revise its regulations implementing Section 1557 based on its substantial and legitimate policy concerns with the 2020 Rule.

To protect the integrity of the administrative process, "when an agency seeks to reconsider its action," in circumstances where it has merely professed an intention to reconsider the original decision without a published notice of proposed rulemaking on the issue, "it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency." *See Anchor Line Ltd.*, 299 F.2d at 125. On September 15, 2021, Defendants did just that, moving the Court to remand the challenged provisions of the rule to the agency for further administrative proceedings. ECF Nos. 66-67.

On October 29, 2021, the Court issued a memorandum and order on Defendants' motion for voluntary remand or, in the alternative, a stay of proceedings. The Court found that a stay of proceedings pending the 2022 Proposed Rule was appropriate. ECF No. 83 at 2. Specifically, the Court found that "it makes little sense for the Court to require merits briefs and expend resources resolving complicated legal issues that may well be moot around the same time this Court would reach a decision." *Id*. at 3. But the Court denied Defendants' request for a voluntary remand order without prejudice pending the issuance of the proposed rule, finding that Plaintiffs' risk of future "harm, in the face of uncertainty that the proposed rule will address, let alone resolve, all the claims before the Court, cautions against remand." *Id*. at 2.

On June 2, 2022, the Court held a status conference and set a schedule for proceedings because "ideally speaking, [the schedule] will help move [the rulemaking] along. The courts are watching." *See* Transcript of June Status Conference ("Tr.") at 17:4-5. But the Court emphasized that it is "totally open to a stay or a remand if in fact [the rulemaking] moves at some sort of speed[.]" *Id*. at 17:7-8. The Court explained that if the issues subject to review in this case are "dealt with" in the 2022 Proposed Rule "though perhaps not in the way [Plaintiffs] want perfectly,

8

[the Court] might wait for the rulemaking process." *Id*. at 14:9-11.  Although Defendants respectfully disagree with the Court's standard for voluntary remand, *see, e.g., SKF USA*, 254 F.3d at 1029-30; *Organic Trade Ass'n*, 2022 WL 951335, at *5-7; *Rural Empowerment Ass'n*, 2022 WL 444095, at *1-2, the 2022 Proposed Rule has removed any "uncertainty that the proposed rule will address . . . the claims before the Court," *see* ECF No. 83 at 2.  As explained above, *see supra* at 2-3; *see also* ECF No. 104-1 at 14-15, 17-42, 150, 172, the 2022 Proposed Rule addresses all of the provisions of the 2020 Rule that Plaintiffs challenge in this case.

If Plaintiffs have concerns with the 2022 Proposed Rule, they can submit comments during the public notice and comment process.  A remand would give HHS the opportunity to fully explore and address any concerns through the administrative rulemaking process.  Remand would also allow HHS to develop a new administrative record, which would benefit the Court and the parties if the new rule were subsequently challenged.  *See Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 177-78 (1st Cir. 2016) (quoting *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 61 (1st Cir. 2002)) ("'[F]acilitat[ing] the compilation of a fully developed record,' . . . 'is an invaluable resource for a state or federal court required to adjudicate a subsequent civil action covering the same terrain.'").  "[T]his kind of reevaluation is well within an agency's discretion," *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038 (D.C. Cir. 2012) (citing *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 514-15 (2009)), and the Court should allow it.  *See Util. Solid Waste*, 901 F.3d at 436.

"In deciding a motion to remand, [courts] consider whether remand would unduly prejudice the non-moving party." *Util. Solid Waste*, 901 F.3d at 436 (citing *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015)) *but see SKF USA*, 254 F.3d at 1029-30 (describing circumstances in which "remand to the agency is required, absent the most unusual circumstances").  Defendants have already explained why remand would not unduly prejudice Plaintiffs, ECF No. 67 at 12-17; ECF No. 79 at 6-7; *see also supra* at 6, and those reasons apply with even greater force at this stage.  Even if Plaintiffs have plausibly alleged or can demonstrate an injury to establish Article III standing to challenge the 2020 Rule, that is insufficient to preclude a voluntary remand.  If

9

standing were sufficient to demonstrate undue prejudice, "then opposed motions for voluntary remand without vacatur would . . . never be granted." *See Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 44 (D.D.C. 2013). Plaintiffs must demonstrate that being required to present their arguments to the agency in the new rulemaking proceeding is so prejudicial that it overcomes the strong judicial and administrative institutional interests in avoiding premature adjudication of legal questions and in ensuring a complete administrative record on those questions. *See id.* at 47. HHS, not the courts, has the primary responsibility for the programs that Congress has tasked it with administering. Where "[t]he parties differ only on whether [remedying concerns with a challenged rule] should occur through the remand process or through this Court's adjudication of summary judgment" the "concerns are best resolved by remand to the agency." *Organic Trade Ass'n*, 2022 WL 951335, at *7.

For all these reasons and the reasons provided by Defendants in prior briefing, the Court should remand the rule to HHS without vacatur for further administrative proceedings, and "formally dismiss[] the complaint[] and so clear[] its docket" of this action. *See Am. Haw. Cruises v. Skinner*, 893 F.2d 1400, 1403 (D.C. Cir. 1990); *see also Mall Props., Inc v. Marsh*, 841 F.2d 440, 441 & n.2 (1st Cir. 1988).

### III. IN THE ALTERNATIVE, THE COURT SHOULD STAY PROCEEDINGS UNTIL THE CONCLUSION OF THE AGENCY'S RULEMAKING.

If the Court does not dismiss the case without prejudice or grant voluntary remand, the Court should, at minimum, stay all proceedings until thirty days after HHS issues a final rule. In October, this Court stayed proceedings "to save both judicial and administrative resources." ECF No. 83 at 3. Those reasons apply with even greater force now that HHS has issued the 2022 Proposed Rule. "[I]t makes little sense for the Court to require merits briefs and expend resources resolving complicated legal issues that may well be moot around the same time this Court would reach a decision." *Id*. Every other court presiding over a challenge to the 2020 Rule that has not been dismissed has yielded to the agency's new rulemaking by issuing a stay of proceedings. Scheduling Order, *Walker v. Becerra*, No. 1:20-cv-2834 (E.D.N.Y. May 20, 2022); Order Granting

10

Joint Motion to Stay Proceedings, *New York v. HHS*, No. 1:20-cv-5583 (S.D.N.Y. Feb. 3, 2022), ECF No. 148; *Chinatown Serv. Ctr. v. HHS*, C.A. No. 21-331, 2021 WL 8316490, at *2 (D.D.C. Oct. 13, 2021); *Whitman-Walker Clinic, Inc. v. HHS*, No. 20-1630, 2021 WL 4033072, at *4 (D.D.C. Sept. 3, 2021). For largely the same reasons given by this Court in its earlier order, ECF No. 83, and, for example, given by the *Whitman-Walker* court, 2021 WL 4033072, at *2-4, the Court should stay proceedings if it finds that this case is still ripe or that a voluntary remand is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' challenge to the 2020 Rule is no longer ripe, and this case should be dismissed. Alternatively, the Court should remand the 2020 Rule to HHS for further proceedings or stay the case pending conclusion of HHS's rulemaking process.

Dated: July 28, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*