**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BAGLY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   C.A. No. 20-cv-11297-PBS |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF HEALTH AND HUMAN SERVICES, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING PENDING RESOLUTION OF MOOTNESS

On March 19, 2024, Plaintiffs moved for summary judgment on their claims challenging a rule that the Department of Health and Human Services ("HHS") issued in 2020 implementing Section 1557 of the Affordable Care Act. ECF No. 140. The Government's response is currently due on May 3, 2024. ECF No. 149. Defendants hereby move for a stay of the briefing deadlines in connection with Plaintiffs' motion pending resolution of mootness. Defendants further request an order requiring the parties to submit a joint status report in thirty days addressing the parties' positions on mootness and, if the parties disagree, proposing a briefing schedule for addressing the issue.[1]

A stay is warranted because, on April 26, 2024, a new final rule implementing Section 1557 of the Affordable Care Act was made available for public inspection by the Office of the Federal Register. ECF No. 150-1. The new final rule replaces the provisions of a 2020 rule challenged in this case. This event has significantly altered the factual and legal landscape, rendering moot Plaintiffs' challenge to the old rule. *Alaska v. USDA*, 17 F.4th 1224, 1226 (D.C. Cir. 2021) ("A 'well-settled principle of law' is this: 'when an agency has rescinded and replaced

---

[1] Defendants are also requesting, by separate motion, an enlargement of time to respond to Plaintiffs' Motion for Summary Judgment until thirty days after the Court rules on this motion.

a challenged regulation, litigation over the legality of the original regulation becomes moot.'") (citation omitted); *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 827 F.3d 100, 113-14 (D.C. Cir. 2016) (collecting cases).  It is therefore appropriate to stay summary judgment briefing on the old rule until Plaintiffs have an opportunity to review the new rule and decide if they want to voluntarily dismiss the case.  If Plaintiffs choose to proceed, the Court should resolve whether it has jurisdiction given the new rule before the parties brief the merits of Plaintiffs' challenge to the old rule.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted) ("[W]ithout jurisdiction the court cannot proceed at all in any cause.").

Proceeding with summary judgment briefing before addressing mootness now that the new final rule has been issued would be inconsistent with the procedural history of this case.  The Court has emphasized that "it makes little sense" to require merits briefs that "may well be moot around the time this Court would reach a decision."  ECF No. 83 at 3.  At several points, the Court has resumed proceedings in a limited manner because "ideally speaking, [the schedule] will help move [the rulemaking] along," *see* Transcript ("Tr.") of June 2022 Status Conference at 17:4-5, not because it would make sense to force the Government to brief the merits of a rule that would certainly be superseded before the case could be resolved.  Plaintiffs' summary judgment brief is transparent in stating that they moved for summary judgment because they "cannot wait forever" for HHS to issue the new rule.  ECF No. 141 at 1.  And Plaintiffs have previously represented that they would support dismissal of this action upon issuance of the final rule.  *See* ECF No. 105 at 3 (Local Rule 7.1(A)(2) certificate) ("Because the proposed rule is not a final rule, Plaintiffs oppose a dismissal"); *see also* Tr. of June 2022 Status Conference at 8:12-18) (counsel for Plaintiffs) ("[A] notice of proposed rulemaking . . . does not change the rules that govern the insurers, the rules that govern the healthcare providers . . . .  The only thing that would change that would be the issuance of a final rule.").  Now that the final rule has been issued, there is no basis for further briefing the merits of Plaintiffs' challenge to the old rule before Defendants understand Plaintiffs' position on whether and why there remains a live controversy, which, at a minimum, would shape the nature

2

of this case.  Plaintiffs should have the opportunity to consider dismissing this action, or the issue of mootness should otherwise be resolved, before proceeding with summary judgment briefing in this case.

A stay will conserve the parties' and the Court's resources by avoiding unnecessary briefing, will not delay the ultimate resolution of this case, and is most consistent with this Court's primary duty to assure itself of jurisdiction before proceeding to the merits.  Accordingly, Defendants respectfully request that the Court stay all proceedings on Plaintiffs' motion for summary judgment pending resolution of mootness.  Defendants propose that the parties submit a joint status report in 30 days stating the parties' positions on whether this case is moot and, if the parties disagree, proposing a briefing schedule for addressing the issue.

## ARGUMENT

This Court has broad "inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc v. Premier Holidays Int'l.*, 385 F.3d 72, 77 (1st Cir. 2004).  That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United Staes v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995).  In particular, courts may prudently decide to first resolve a "specific and narrow issue" before a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd,* 46 F.3d 1198 (D.C. Cir. 1995).  In this case, the nature of the mootness issue that must be resolved, as well as the interests of efficiency and judicial economy, make it appropriate for the Court to resolve mootness before proceeding to summary judgment.

First, a stay is warranted because the mootness issue is jurisdictional.  The "first and fundamental" question for any court is that of jurisdiction.  *Steel Co.*, 523 U.S. at 94 (citation omitted).  "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id*. at 94-95 (internal quotation marks omitted).  Thus, "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the

principle that the first and fundamental question is that of jurisdiction." *In re Papandreau*, 139 F.3d 247, 254-55 (D.C. Cir. 1998) (internal citations and quotation marks omitted); *see also Ricci v. Okin*, 770 F. Supp. 2d 438, 445 (D. Mass. 2011) ("A federal court should consider whether it has subject-matter jurisdiction before discussing the merits of a motion or case."). Mootness presents a question that falls squarely under the *Steel Co.* rule. *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 191 n.7 (1st Cir. 2022) ("Because the mootness doctrine derives from Article III . . . [courts] ordinarily cannot bypass this inquiry when the record reveals mootness may be an issue[.]").

Efficiency and judicial economy interests also warrant a stay. Until the parties and the Court address the mootness issue, Defendants "should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Emps. of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949). Neither the Court's nor the parties' time is well served by engaging in a "struggle over the substance of [a] suit" when the record reveals a jurisdictional issue. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (jurisdictional defenses should be raised as soon as feasible to avoid unnecessary litigation).

Because this litigation should be dismissed on mootness grounds, it would be an inefficient use of resources to require the parties and the Court to address the substance of Plaintiffs' motion for summary judgment at this time. For this and related reasons, courts routinely stay proceedings pending the resolution of mootness or other related jurisdictional issues. *See, e.g., Hucul Advertising LLC v. Grand Rapids Charter Twp.*, No. 11-376, 2012 WL 381715, at *2 (W.D. Mich. Feb. 6, 2012) ("[T]he Court concludes that it must hold the cross-motions for summary judgment in abeyance and require Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction."); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue

burden, and the expenditure of time to brief a motion that the Court may not decide"); Order, *Davis v. Austin*, No. 3:22-cv-237-MMH-MCR (M.D. Fla. Jan. 25, 2023), ECF No. 68 (deferring resolution of a motion to dismiss and requiring the parties to first brief mootness); Order, *Colonel Fin. Mgmt Officer v. Austin*, No. 8:22-cv-1275-SDM-TGW (M.D. Fla. Jan. 20, 2023), ECF No. 277 at 2 ("Although a temporary stay might cause some mild (at most) inconvenience, a momentary stay eliminates the unappealing prospect of the parties' continuing commitment of resources to . . . issues—some, most, or all of which are likely moot"); Order, *Rodriguez v. United States of America,* No. 3:14-cv-01193-NT-JHR (D.P.R. July 21, 2014), ECF No. 51 (granting stay of defendant's deadline to respond to plaintiffs' pending summary judgment motion until court's adjudication of the defendant's anticipated motion to dismiss "in the interests of efficiency").

Moreover, staying summary judgment briefing would not prejudice Plaintiffs.  If the Court were to decide that the case is not moot, the parties could then turn to briefing the merits issues raised in Plaintiffs' summary judgment motion.  *See Furniture Brands*, 2011 WL 10959877, at *1 ("Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing on the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff.").  As this Court has previously explained, "[i]n the absence of a showing of irreparable harm, it makes little sense for the Court to require merits briefs and expend resources resolving complicated legal issues that may well be moot around the same time this Court would reach a decision."  ECF No. 83 at 3.

If there is prejudice to any party, it would be prejudice to Defendants from the denial of a stay.  Defendants would be prejudiced by having to address the merits of this action when such briefing may be altogether unnecessary given the issuance of the new final rule.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order staying summary judgment briefing pending resolution of mootness.  Defendants also request an order requiring the parties to submit a joint status report in 30 days addressing the parties' positions

on mootness and, if the parties disagree, proposing a briefing schedule for addressing the issue.

A proposed order is attached.

Dated: April 29, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I hereby certify that, on April 24, 2024, I communicated with Plaintiffs' counsel, Marlan Golden, to provide notice of Defendants' intent to file a motion to stay summary judgment briefing once the new final rule became publicly available. On April 25, 2024, counsel for Plaintiffs represented that Plaintiffs would oppose a motion to stay summary judgment briefing if the motion is filed before the new rule is published in the Federal Register and Plaintiffs would take no position and reserve the right to respond to the stay motion in the ordinary course if the motion is filed after the rule is finalized and published without a further conferral. On April 26, 2024, the final rule was made available for public inspection by the Office of the Federal Register. At that time, counsel for Defendants communicated further with counsel for Plaintiffs, requesting that they clarify their position on the stay motion in light of the final rule's issuance. Plaintiffs represented that they oppose all relief requested in this motion but would consent to a thirty-day extension of the Government's current summary-judgment response deadline.

*/s/ Liam C. Holland*
LIAM C. HOLLAND