UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAGLY, *et al.*,<br><br>                              Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>                              Defendants. | Civil Action No. 20-cv-11297-PBS |

**PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO STAY OR EXTEND SUMMARY JUDGMENT BRIEFING**

Now that the Department of Health and Human Services ("HHS") has made available for public inspection a new proposed rule implementing Section 1557 of the Affordable Care Act, *see* ECF No. 150-1, Defendants have filed two motions related to the Plaintiffs' pending summary-judgment motion. In one motion, Defendants ask the Court for a 30-day extension of the time in which to file an opposition brief to Plaintiffs' partial motion for summary judgment. ECF No. 152. In the other, Defendants ask the Court to stay summary-judgment briefing indefinitely, order the parties to meet and confer on mootness, and—in the event of disagreement—brief the issue of mootness prior to any resolution of the Plaintiffs' summary-judgment motion. ECF No. 151. Plaintiffs consent to the first request. Plaintiffs oppose the second.

For three reasons, a stay based on a potential, yet-to-be-asserted suggestion of mootness makes little sense here. First, as the party suggesting mootness, it is Defendants' burden to prove that the case is moot. *See, e.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000); *Ramirez v. Sanchez Ramos*, 438 F.3d 92, 100 (1st Cir. 2006) ("[T]he party raising a mootness defense has the burden

of establishing the facts necessary to sustain that defense."). By seeking to stay summary-judgment briefing "pending resolution of mootness," ECF No. 151 at 3, Defendants attempt to flip this burden—and avoid their own. The case is live until the Defendants prove it is not.

Second, and relatedly, the parties may pursue any settlement negotiations in parallel with the summary judgment briefing. Although Defendants suggest that the Court should stay summary-judgment briefing while Plaintiffs "decide if they want to voluntarily dismiss the case," ECF No. 151 at 2, this statement in Defendants' submissions stems only from Defendants' own speculation about Plaintiffs' position. Plaintiffs did not ask Defendants to make this representation on the Plaintiffs' behalf. And the Plaintiffs do not need time to consider how the Final Rule affects their case. Plaintiffs will not be moving to voluntarily dismiss the litigation. Instead, Defendants will need to shoulder their own burdens in this litigation.

Third, the parties need not submit separate briefing on mootness. If Defendants believe that some or all of Plaintiffs' claims are mooted by HHS's new final rule, Defendants will surely argue that point in their brief opposing summary judgment. Indeed, that is the traditional forum for such arguments. *See, e.g.*, *Soto v. City of Cambridge*, 193 F. Supp. 3d 61, 69 (D. Mass. 2016) (mootness raised by defendant in opposition to plaintiff's summary-judgment brief); *Courtemanche v. Gen. Servs. Admin.*, 172 F. Supp. 2d 251, 256, 265 (D. Mass. 2001) (mootness argument asserted by defendant in summary-judgment motion). Defendants offer no reason why this Court should depart from the ordinary course here.

For each of these reasons, the more reasonable path forward is to accommodate Defendants' request for a 30-day extension to file their opposition brief and allow the parties to brief the issues of mootness within the context of the summary-judgment briefing. Accordingly, Plaintiffs respectfully request that the Court (1) grant in part Defendants' motion for a 30-day

enlargement of time to file a response to Plaintiffs' summary-judgment motion (ECF No. 152), with a commensurate extension of Plaintiffs' reply-brief deadline; and (2) deny as moot Defendants' motion to stay summary-judgment briefing (ECF No. 151). A proposed order is attached.

Dated: May 3, 2024                                    Respectfully submitted,

*/s/ Gregory F. Noonan*
Gregory F. Noonan
(BBO# 651035)
Safa Osmani
(BBO# 697034)
HOGAN LOVELLS US LLP
125 High Street
Boston, MA 02110
(617) 371-1000
gregory.noonan@hoganlovells.com
safa.osmani@hoganlovells.com

Jessica L. Ellsworth*
Jo-Ann Sagar*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com
jo-ann.sagar@hoganlovells.com

Peter William Bautz*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
peter.bautz@hoganlovells.com

Sydney Duncan*
Shayna Medley*
TRANSGENDER LEGAL DEFENSE &
EDUCATION FUND
520 8th Avenue, Suite 2204
New York, NY 10018
(646) 898-2205
sduncan@transgenderlegal.org
smedley@transgenderlegal.org

Dale Melchert*
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
(510) 407-6367
dale@transgenderlawcenter.org

Michelle Banker*
Alison Tanner*
Kenna Titus*
NATIONAL WOMEN'S LAW CENTER
1350 Eye Street NW, Suite 700
Washington, DC 20002
(202) 588-5180
mbanker@nwlc.org
atanner@nwlc.org
ktitus@nwlc.org

Lynly Egyes*
TRANSGENDER LAW CENTER
594 Dean Street
Brooklyn, NY 11238
(973) 454-6325
lynly@transgenderlawcenter.org

Maryanne I. Tomazic*
CENTER FOR HEALTH LAW AND POLICY
INNOVATION
Harvard Law School
1585 Massachusetts Avenue
Cambridge, MA 02138
(617) 496-1668
mtomazic@law.harvard.edu

**Admitted Pro Hac Vice*
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2024, a copy of the foregoing was filed and served via ECF on all counsel of record.

*/s/ Gregory F. Noonan*
Gregory F. Noonan