UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAGLY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HEALTH AND HUMAN SERVICES,<br>*et al.*,<br><br>　　　　Defendants. | C.A. No. 20-cv-11297-PBS<br>(Leave to file granted 5/6/24) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING PENDING RESOLUTION OF MOOTNESS**

　　Throughout this case, Plaintiffs have repeatedly characterized this action as one challenging a 2020 Rule. But a new final rule issued by the Department of Health and Human Services supersedes that rule, rendering moot Plaintiffs' challenge to the superseded rule under a "well-settled principle of law." *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016). The Court "cannot bypass this inquiry when the record reveals mootness may be an issue." *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 191 n.7 (1st Cit. 2022).

　　Because the new final rule was made available for public inspection only one week ago, Defendants sought a stay of proceedings to permit Plaintiffs a reasonable opportunity to review the content of the new rule before taking a final position on mootness. Defendants also believed, to the extent Plaintiffs took the position that their case was not moot, the parties should confer so that Defendants could understand the basis of Plaintiffs' position, again, given the well-settled principle that when an agency has replaced a challenged regulation, litigation over the legality of the prior regulation becomes moot.[1] Undoubtedly, it would be more efficient for the parties to

---

[1] In APA challenges to rules, plaintiffs traditionally recognize this principle and voluntarily dismiss the challenge to an old rule once a new superseding rule is issued. *E.g. Pennsylvania v. Cardona*, No. 20-cv-1468 (D.D.C.); *Hunger v. HHS,* 21-cv-475 (S.D.N.Y.); *Lujan v. U.S. Dep't*

address the mootness dispute if they both understand the scope of the dispute.

Based on Plaintiffs' opposition, they appear to have decided that they do not think their claims are moot and that they do not want to tell Defendants why. Thus, the best course of action is for the Court to stay summary judgment briefing regarding the old rule so the parties can brief mootness. Defendants are prepared to submit a memorandum of law in support of their assertion of mootness at the Court's direction, if the Court deems one necessary. But given the well-settled mootness principles at issue—issues that appellate courts would normally handle "in an unpublished order," *Akiachak*, 827 F.3d at 113 (quoting *Freeport-McMoRan Oil & Gas Co. v. FERC*, 827 F.2d 45, 46 (D.C. Cir. 2000))—it would be reasonable for the Court to order the Plaintiffs to show cause why this case should not be dismissed as moot. *See, e.g,* Order for Expedited Response, *Chancey v. Biden*, No. 1:22-cv-00110-MW-ZCB (N.D. Fla. Jan. 25, 2023), ECF No. 27; *New York v. Raimondo*, No. 1:19-cv-09380-MKV, 2021 WL 1339397, at *1 (S.D.N.Y. Apr. 9, 2021) (Court ordered "Plaintiffs to show cause why this case should not be dismissed as moot given the promulgation" of superseding rule.); Fed. R. Civ. P. 12(h)(3).

In no circumstance should the Court require Defendants to brief mootness alongside summary judgment on a rule that has been superseded. Rather than address the equities of a momentary stay of summary judgment briefing, Plaintiffs' opposition first raises a straw man— the burden of proof, ECF No. 153 at 1-2–which has no bearing on whether the mootness dispute should be resolved independently of summary judgment briefing. Plaintiffs' opposition to the stay motion fails to identify a single reason that such a stay would prejudice them, let alone provide the type of "showing of irreparable harm" that might justify denying a stay. ECF No. 83 at 3. And contrary to Plaintiffs' assertion that Defendants offered no reason for a stay, ECF No. 153 at 2, Defendants explained in their opening brief that combined briefing would be inefficient and

---

*of Educ.*, 3:22-cv-00159 (W.D. Tex.); *Humane Society of the U.S. v. USDA*, No. 1:19-cv-02458 (D.D.C.); *Mayor and City Council of Baltimore v. Becerra*, No. 1:19-cv-01672 (D. Md.); *Found. for Gov't Accountability v. HHS*, No. 2:23-cv-00207 (M.D. Fla.).

inconsistent with the Court's obligation to assure itself of jurisdiction before considering the merits of an assuredly moot challenge to an old rule, ECF No. 151 at 3-6. "[A] momentary stay eliminates the unappealing prospect of the parties' continuing commitment of resources to . . . issues—some, most, or all of which are likely moot." *Colonel Fin. Mgmt. Officer v. Austin*, No. 8:22-cv-01275-SDM-TGW (M.D. Fla. Jan. 20, 2023), ECF No. 277. Requiring Defendants to brief the merits of Plaintiffs' claims and requiring the Court to review all of that merits briefing before first contemplating mootness would be a waste of judicial and party resources. "[I]t makes little sense for the Court to require merits briefs" in this circumstance. ECF No. 83 at 3; *see also Whitman-Walker Clinic, Inc. v. HHS*, No. 20-cv-1630, 2021 WL 4033072, at 3 (D.D.C. Sept. 3, 2021) (rejecting similar approach requiring "a substantial amount of the parties' and the Court's resources [to] have been expended and potentially for little gain").

## CONCLUSION

For the foregoing reasons, the Court should stay summary-judgment briefing pending resolution of mootness. The Court should also enter a briefing schedule for addressing mootness or order the parties to submit a proposed briefing schedule to address mootness.

Dated: May 6, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*