**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| BAGLY, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 20-cv-11297-PBS |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS'
ASSERTION OF MOOTNESS</u>**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

ARGUMENT ..................................................................................................................................... 2

CONCLUSION .................................................................................................................................. 4

## INTRODUCTION

On May 6, 2024, the United States Department of Health and Human Services ("HHS") promulgated a new final rule implementing Section 1557 of the Affordable Care Act. *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) (the "2024 Rule"). The 2024 Rule revises and supersedes the agency's prior regulations implementing Section 1557, which Plaintiffs challenge in this lawsuit ("the 2020 Rule"). It is well settled that when an agency has rescinded and replaced a challenged regulation, litigation over the legality of that regulation becomes moot. Because the 2024 Rule renders Plaintiffs' claims challenging the 2020 Rule moot, the Court should dismiss this case without prejudice.

## BACKGROUND

Plaintiffs challenge a final rule promulgated by HHS in 2020 to implement Section 1557. Plaintiffs include three private healthcare facilities that serve LGBTQ+ people, one membership organization, four advocacy organizations that provide services to the LGBTQ+ community, a Native-led reproductive justice collective, and a transgender man. They allege that the 2020 Rule violates the Administrative Procedure Act and the Constitution.

In August 2021, this Court granted in part and denied in part Defendants' motion to dismiss based on standing and ripeness. ECF No. 63. The claims that remain are Plaintiffs' challenge to the 2020 Rule's (1) alleged incorporation of Title IX's abortion exemption, which Plaintiffs assert was codified in 45 C.F.R. § 92.6(b) (2020), (2) narrowing of the scope of covered entities, 45 C.F.R. § 92.3 (2020), and (3) elimination of provisions prohibiting categorical coverage exclusions for care related to gender transition, 85 Fed. Reg. at 37,244, 37,247 (repealing 45 C.F.R. § 92.207 (2016)). Thus, all of Plaintiffs' remaining challenges attack provisions in 45 C.F.R. pt. 92 of the 2020 Rule.

HHS published a new final rule implementing Section 1557 on May 6, 2024. *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024). The 2024 Rule supersedes the 2020 Rule. *Id*. As relevant here, the 2024 Rule revises 45 C.F.R. pt. 92 in its entirety. *See id*. at 37,692-702.

On June 5, 2024, this Court ordered the parties to submit briefs addressing whether this case is moot. ECF No. 160.

## ARGUMENT

The Court should dismiss this action as moot because the 2020 Rule that Plaintiffs challenge has been replaced.  Because federal courts "do not render advisory opinions," *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), "Plaintiffs must maintain their personal interest in the dispute at all stages of the litigation," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted).  "Thus, 'if an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [action] must be dismissed.'"  *Gulf of Me. Fisherman's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).  There is also an "equitable component to the mootness doctrine [that] is rooted in the 'court's discretion in matters of remedy and judicial administration' not to determine a case on the merits." *In re Pub. Serv. Co. of N.H.*, 963 F.2d 469, 471 (1st Cir. 1992) (quoting *In re AOV Indus., Inc.*, 792 F.2d 1140, 1147 (D.C. Cir. 1986)).  "Even when the moving party is not entitled to dismissal on article III grounds, common sense or equitable considerations may justify a decision not to decide a case on the merits."  *In re AOV*, 792 F.2d at 1147.  "Determinations of mootness in this latter sense . . . require a case-by-case judgment regarding the feasibility or futility of effective relief should a litigant prevail." *Id*. at 1147-48.

Consistent with these principles, the First Circuit and other circuits have confirmed that an agency's amendment or repeal of a challenged regulation renders a lawsuit challenging the original regulation moot.  *Gulf of Me. Fisherman's All.*, 292 F.3d at 88 ("The promulgation of new regulations and amendment of old regulations are among such intervening events as can moot a challenge to the regulation in its original form."); *see also Alaska v. USDA*, 17 F.4th 1224, 1226

(D.C. Cir. 2021) ("A 'well-settled principle of law' is this: 'when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot.'") (citation omitted); *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 827 F.3d 100, 113-14 (D.C. Cir. 2016) (collecting cases).

Plaintiffs' challenge to the 2020 Rule is moot. The 2024 Rule supersedes the 2020 Rule. All of Plaintiffs' remaining challenges to the 2020 Rule attack provisions it had inserted in 45 C.F.R. pt. 92, but the 2024 Rule revises that part in its entirety. Thus, Plaintiffs' request for equitable relief with respect to those provisions is moot. The 2024 Rule gives Plaintiffs the relief sought in their Amended Complaint. To the extent any Plaintiff believes that it faces a non-speculative threat of injury from any provision of the 2024 Rule and that any such provision of the 2024 Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, that Plaintiff can file a new lawsuit challenging that provision of the 2024 Rule under the Administrative Procedure Act. *See New York v. Raimondo*, No. 1:19-cv-09380-MKV, 2021 WL 1339397, at *3 (S.D.N.Y. Apr. 9, 2021) ("Although this case is moot, Plaintiffs are not without recourse. Where, as here, a new regulation moots an action, the challenger can cure its mootness problem by simply starting over again—by challenging the regulation currently in force.") (cleaned up and citation omitted).

Plaintiffs have emphasized that "it is Defendants' burden to prove that the case is moot." ECF No. 153 at 1. But in the context of a challenge to an agency rule, "[t]he government satisfies this burden when it changes or repeals the regulation at issue." *M.W. by and Through Hope W. v. U.S. Dep't of the Army*, No. 16-cv-04051-LHK, 2017 WL 10456732, at *5 (N.D. Cal. Dec. 15, 2017), *aff'd on appeal sub nom.*, *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147 (9th Cir. 2019). Now that the 2024 Rule has been promulgated, it cannot be amended, modified, or repealed without another round of public notice and an opportunity for public comment. *Humane Soc. of the U.S. v. U.S. Dep't of Agric.*, 41 F.4th 564, 568 (D.C. Cir. 2022).

Nor is there a live controversy based on Plaintiffs' speculation and fears about the outcome of any lawsuits others might bring to challenge the 2024 Rule. Plaintiffs are free to seek to

intervene or otherwise participate in any case challenging the new rule "and they are entitled to present their arguments to that forum." *Miller v. Benson*, 68 F.3d 163, 164 (7th Cir. 1995). But "[i]t would hardly be appropriate to retain [this case] on the docket to permit the plaintiffs a form of collateral attack on [another court's] decision, should their fears about the course of that litigation be realized." *Id*. at 165. "They cannot play off one court system against another. [HHS] gave the plaintiffs what they sought, and this case is therefore moot." *Id*.; *see also Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1184 (10th Cir. 2000) ("[W]e do not believe that the mere filing of a lawsuit is sufficient to resurrect Article III jurisdiction over the repealed statutes."); *New York*, 2021 WL 1339397, at *2 (challenge to new rules does not cure the mootness issue).

## CONCLUSION

HHS has promulgated a rule that replaces all of the provisions of the 2020 Rule that Plaintiffs challenge in this case. Accordingly, Plaintiffs' challenge to the 2020 Rule is moot, and this case should be dismissed without prejudice.

Dated: June 24, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND B.B.O. #704799
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*