**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
BOSTON ALLIANCE OF GAY, LESBIAN,)
BISEXUAL AND TRANSGENDER YOUTH )
(BAGLY), et al.,               )
                               )
              Plaintiffs,      )
                               )
v.                             )       Civil Action
                               )       No. 20-cv-11297-PBS
UNITED STATES DEPARTMENT OF HEALTH )
AND HUMAN SERVICES, et al.,    )
                               )
              Defendants.      )
_____)
```

**ORDER**

December 6, 2024

Saris, D.J.

Plaintiffs challenge a final rule promulgated by the U.S. Department of Health and Human Services ("HHS") in June 2020 that interprets section 1557 of the Patient Protection and Affordable Care Act. See Nondiscrimination in Health and Health Education Programs or Activities, 85 Fed. Reg. 37,160 (June 19, 2020) ("the 2020 Rule"). In May 2024, HHS issued a new rule interpreting section 1557 that repealed and replaced the 2020 Rule. See Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522 (May 6, 2024) ("the 2024 Rule"). Defendants now move to dismiss this lawsuit, arguing that HHS's promulgation of the 2024 Rule has mooted Plaintiffs' claims challenging the 2020 Rule.

1

"[A] case is moot when the court cannot give any effectual relief to the potentially prevailing party." Town of Portsmouth v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016) (quoting Am. C.L. Union of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 52 (1st Cir. 2013)). It is a "well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot." Alaska v. U.S. Dep't of Agric., 17 F.4th 1224, 1226 (D.C. Cir. 2021) (quoting Akiachak Native Cmty. v. U.S. Dep't of Interior, 827 F.3d 100, 113 (D.C. Cir. 2016)); see Am. C.L. Union of Mass., 705 F.3d at 53; Gulf of Me. Fishermen's All. v. Daley, 292 F.3d 84, 88 (1st Cir. 2002); New Eng. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 18 (1st Cir. 2002). This principle squarely applies here.

Plaintiffs' primary response to this conclusion is that parts of the 2020 Rule remain in effect because other district courts have preliminarily enjoined, and/or delayed the effective date of, aspects of the 2024 Rule. See Tennessee v. Becerra, __ F. Supp. 3d __, __ (S.D. Miss. 2024) [2024 WL 3283887, at *14], appeal docketed, No. 24-60462 (5th Cir. Sept. 5, 2024); Texas v. Becerra, No. 6:24-cv-211-JDK, 2024 WL 4490621, at *2 (E.D. Tex. Aug. 30, 2024), appeal docketed, No. 24-40568 (5th Cir. Sept. 5, 2024); Florida v. Dep't of Health & Hum. Servs., __ F. Supp. 3d __, __ (M.D. Fla. 2024) [2024 WL 3537510, at *20-21], appeal docketed,

No. 24-12826 (11th Cir. Sept. 4, 2024). Even assuming Plaintiffs are right that those preliminary orders mean that parts of the 2020 Rule remain in effect, providing effective relief to Plaintiffs would, in essence, require the Court to revive regulations interpreting section 1557 that HHS promulgated in 2016. See Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31,375 (May 18, 2016) ("the 2016 Rule"). HHS has twice superseded the 2016 Rule with new sets of regulations, and the Court is not persuaded that it has the power to reanimate the 2016 Rule's provisions.

Moreover, granting injunctive or declaratory relief in Plaintiffs' favor with respect to the aspects of the 2020 Rule that may remain in effect would not plausibly alter Defendants' conduct because such relief would conflict with the nationwide orders issued by other district courts in response to the 2024 Rule. See Larsen v. U.S. Navy, 525 F.3d 1, 4 (D.C. Cir. 2008) (explaining that when an "injunction or order declaring [an agency policy] illegal would accomplish nothing," it would "amount[] to exactly the type of advisory opinion Article III prohibits"). Plaintiffs' lawsuit is therefore moot. The other district court to have addressed mootness in the context of a challenge to the 2020 Rule has reached the same conclusion. See New York v. U.S. Dep't of Health & Human Servs., No. 1:20-cv-05583-AKH (S.D.N.Y. Nov. 12, 2024), Dkt. 196.

Neither exception to the mootness doctrine -- voluntary cessation and capable of repetition yet evading review -- applies in this case. See Calvary Chapel of Bangor v. Mills, 52 F.4th 40, 47 (1st Cir. 2022) (describing these exceptions). Plaintiffs argue that the incoming presidential administration is likely to repeal the 2024 Rule and promulgate new regulations akin to those in the 2020 Rule. Presuming that HHS will reimpose the challenged aspects of the 2020 Rule would, however, "be inconsistent with the purpose of notice-and-comment rulemaking" and require the Court to "speculate about future actions by policymakers." Alaska, 17 F.4th at 1228-29 (declining to apply the voluntary-cessation exception for these reasons where the agency had announced an intent to reimpose the challenged rule). Should HHS promulgate new regulations akin to those in the 2020 Rule, a party with standing may file a new lawsuit to challenge those regulations.

Accordingly, Defendants' motion to dismiss on the basis of mootness (Dkt. 164) is **ALLOWED**. Plaintiffs' motion for partial summary judgment (Dkt. 140) is **DENIED** as moot.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge